**UNITED STATES**

v.

**Winston W. REECE, 085 46 2287, Aviation Boatswain's Mate Handler Third Class (E–4), U.S. Navy.**

**NMCM 85 0196.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 Sept. 1984.

Decided 24 Oct. 1985.

---

LCDR JAMES J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LCDR CYNTHIA J. CLEMENS, JAGC, USN, Appellate Defense Counsel.

LCDR DAVID A. SABOT, JAGC, USN, Appellate Government Counsel.

KAREN DETAMORE, Esquire, Civilian Defense Counsel.

Before KERCHEVAL, Senior Judge, and RAPP and GRANT, JJ.

GRANT, Judge:

Contrary to his pleas of not guilty, the appellant was found guilty at a general court-martial composed of members of one specification of carnal knowledge, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, and three specifications of lascivious acts upon a female under the age of 16 years with intent to gratify his sexual desires, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Appellant was sentenced to a bad conduct discharge, confinement for two years, and reduction to E–1, which sentence was approved by the convening authority.

Three issues are certified by appellate defense counsel, namely (1) the trial judge

erred in denying appellant's discovery request bearing upon the credibility of two key government witnesses, whose testimony constituted the sole evidence against the appellant; (2) the trial judge erred in not excluding the testimony of Chief Master at Arms H, who testified he observed appellant kissing Cynthia D during a period between the commission of the lascivious acts upon Cynthia D, as alleged in Specifications 2 and 3, Charge II, and the offense of carnal knowledge with Cynthia D, as alleged in Charge I; and (3) the trial judge erred in failing to grant the challenge for cause against a court member on the grounds that the challenged court member could not legally, fairly, and impartially consider the case.

A meaningful examination of the issues requires summarization of the pertinent evidence.

### SUMMARY OF EVIDENCE

Cynthia B testified she was 14 years of age on 18 January 1984, when the appellant fondled her breast and vaginal area. She had been babysitting for the appellant at his home and was reclining on the bed when the appellant entered her room and committed the acts. She immediately moved away from him and remained awake for the rest of the evening until picked up by her parents. She told a friend of the incident shortly thereafter, and informed her parents about two weeks later.

Cynthia D testified she was 15 years of age at the time of the offenses. She testified that appellant placed his finger inside her vagina on two separate occasions, once during the early hours of 29 April 1984 after appellant entered her home while she was dozing, and a second time shortly thereafter following the ingestion of pills that the appellant had given her. She also testified that appellant had sexual intercourse with her on 9 June 1984 at her home, which was located next door to the appellant's. She stated that she had attended a party at the appellant's home just prior to the 29 April 1984 incident. The act of sexual intercourse occurred while they were alone at her home and after the appellant had fondled her and suggested she change into different clothes. Upon changing, she returned to the side of the appellant at which time he caused her to lie down and consummated the act of sexual intercourse.

Aviation Machinist's Mate Airman Apprentice (ADAA) F, U.S. Navy, twenty years of age, testified that appellant showed extreme jealousy when ADAA F danced with Cynthia D on the evening of 28 April 1984, and that ADAA F saw the appellant run from Cynthia D's home on 22 May 1984 after ADAA F knocked on Cynthia D's door. Chief Master at Arms H, working with Naval Investigative Service agents, testified that he had appellant under surveillance on 30 May 1984, and observed appellant and Cynthia D embracing and kissing in front of Cynthia D's home.

Appellant, 39 years of age, testified he had no sexual interest in either Cynthia B or Cynthia D; denied committing any of the offenses alleged; said he was not jealous of ADAA F in dancing with Cynthia D; and admitted Cynthia D kissed him twice in front of her home, but that she was the aggressor and the incident occurred after she had related to him that she was pregnant by another man. He claimed the incident grew out of his relationship with Cynthia D in which he would listen to her personal problems. The appellant believed that Cynthia B testified against him at the insistence of her father, who was in trouble at the time and wanted to avoid the problems occasioned by his own troubles, and that Cynthia D testified against him because she was jealous of the appellant's caucasian wife.

### I

■ Appellant moved at trial for the production of documents applicable to the credibility of Cynthia B and Cynthia D, or in the alternative, dismissal of the charges, claiming that the information from law enforcement authorities, testimony at the Article 32 Investigation, and other evidence of record established that Cynthia B, at the

time of trial, was under the control of Nevada welfare authorities for behavior described by her parents as uncontrollable and was receiving counseling, and that Cynthia D had been recently treated for alcohol and drug related behavioral problems. For the reasons indicated below, we concur in the decision of the trial judge to deny discovery to the appellant of the requested documentation under the circumstances of this case.

In applying the Rules for Court-Martial (R.C.M.), clearly R.C.M. 701 is not applicable in that the documents requested were in the possession of third parties and not in the possession, custody, or control of military authorities. R.C.M. 703(f)(4)(B) provides for the subpoena of evidence not under the control of the Government, and subsection (f)(3) thereof places the burden on the moving party to list the items of evidence requested and include a description of each item sufficient to show its relevancy and necessity. Subsection (f)(3) also provides that the procedures in subsection (c), pertaining to the production of witnesses, shall apply in determining what evidence will be produced. Subsection (c) requires the trial counsel to arrange for the presence of any witness whose testimony the defense considers relevant and necessary on the merits or on any interlocutory question. R.C.M. 703(e)(2)(G)(i) gives the trial judge authority to issue a warrant of attachment to compel the attendance of a witness or production of documents in accordance with the procedures contained therein. Whether the burden of demonstrating relevance and necessity has been met by appellant in the case *sub judice* constitutes the watershed issue of his first assignment of error.

We believe the principles of law pertaining to the production of evidence through the use of subpoena duces tecum under the Federal Rules of Criminal Procedures, Rule 17(c), thereof, as enunciated in *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), are applicable in applying R.C.M. 703 to the facts of this case. The *Nixon* Court determined that the enforcement of a pretrial subpoena duc-

es tecum must necessarily be committed to the sound discretion of the trial judge since the necessity for the subpoena must often turn upon a determination of factual issues. The *Nixon* Court cited the test set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y.1952), for the issuance of a subpoena duces tecum in criminal cases, which requires the moving party to show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition. Against the background of the *Iozia* case, the *Nixon* Court would require the moving party to make a "sufficient showing" of relevance, admissibility, and specificity, in regard to the requested materials, under Rule 17(c) of the Federal Rules of Criminal Procedure.

In evaluating the paucity of evidence proffered by the appellant, we cannot conclude that the appellant sufficiently demonstrated either that the documents were relevant or that they were not otherwise procurable reasonably in advance of trial by the exercise of due diligence. In arriving at this conclusion, we are mindful of appellant's argument that, until such documents are produced through the discovery process, the appellant could not possibly evaluate relevancy, but that a minimal showing of relevance was evident in the record. We would be inclined to sympathize with appellant if the record demonstrated that appellant exhausted all reasonable means to provide the trial judge with a preview of what the requested documents might reveal. In this case, although the appellant had every opportunity to present such evidence through cross-examination of the two Government witnesses at the Article 32 Investigation, he chose not to, notwithstanding the apparent willingness of the

witnesses to answer all questions. Furthermore, there is no credible evidence of record that appellant ever sought to gain the consent of the witnesses to examine the records held by third parties, either before or during the trial. Under such circumstances, the appellant did not satisfy the requirement of *United States v. Iozia* pertaining to the condition precedent of due diligence which must be demonstrated by appellant. Furthermore, we may speculate that the evidence requested was relevant to the credibility of the witnesses against the appellant, but speculation does not satisfy the relevancy requirements set forth in *United States v. Iozia* and reiterated in *United States v. Nixon.* Sufficient evidence constituting a minimal showing of relevancy, admissibility, and specificity, is the burden of the moving party, and where additional evidence ostensibly could have been uncovered through diligent cross-examination by trial defense counsel at the Article 32 Investigation, we cannot speculate and say as a matter of law the trial judge abused his discretion in refusing to issue the subpoena duces tecum under the circumstances of this case. Accordingly, for the reasons indicated herein, we do not believe the appellant was denied his right to confrontation under the Sixth Amendment or to a fair trial under military due process.

## II

■ At the outset, we note that the evidence concerning Chief Master at Arms H's observations of the appellant kissing Cynthia D, on 30 May 1984, was clearly admissible under Mil.R.Evid. 403. In denying appellant's motion *in limine* to suppress such evidence, the trial judge opined that such evidence was part of a series of events demonstrating the illicit relationship between the appellant and Cynthia D proximately related to the offense of carnal knowledge allegedly committed on 9 June 1984. We concur with the ruling of the trial judge, and do not believe the uncharged misconduct is so distant in time that it would not qualify as uncharged misconduct which is part of the transaction

giving rise to the charge of carnal knowledge. Such conduct constitutes foreplay in the same sense as the two lascivious acts perpetrated against Cynthia D during the period of 29 April 1984 through 11 May 1984, and was part of an inextricably related chain of events which encouraged the appellant and led to the consummation of the act of carnal knowledge by the appellant upon Cynthia D. Under such circumstances, there is no rigid limitation on the quantum of proof of that misconduct which must exist in order to permit its admission into evidence, and the only limitation on admissibility is a proper exercise of the trial judge's discretion to exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the trier of fact. *See* Mil.R.Evid. 403; *United States v. Thomas,* 11 M.J. 388 (C.M.A.1981). This issue was thoroughly explored by the trial judge and correctly resolved, given the fact that such evidence was provided by a third party and therefore critical to the Government in carrying its burden of proof, it was an act of the appellant which occurred in the midst of the events which gave rise to the charge of carnal knowledge, and such evidence was not inherently prejudicial such as to lead the trier of fact to a conclusion of guilt notwithstanding other exculpatory evidence of record.

## III

The record of trial reveals that Commander S, the senior member of the court-martial panel, acting as executive officer, disapproved, one week before the court-martial, the appellant's request to reenter base housing to pack his personal belongings. Commander S acted upon the recommendation of Master Chief K and Chief H, who respectively indicated that the appellant "was neither required or desired near or around base housing" and "is not allowed to enter base housing." However, Commander S knew nothing of the court-martial charges pending against the appellant or the details of the events which led

to the submission of the request at the time he disapproved the appellant's request.

 The appellant challenged Commander S for cause on grounds that his actions in disposing of appellant's special request chit were prejudicial to appellant and had an impact on the ability of Commander S to legally, fairly, and impartially consider appellant's case which might also taint the other court members by virtue of Commander S's position as a senior member of the court-martial panel. The trial judge correctly denied the appellant's challenge of Commander S. The perfunctory denial of privileges to reenter the housing area based upon the relatively nondescript statements of two senior enlisted personnel did not render Commander S mentally unfree to act impartially on the findings and sentence based upon the evidence admitted at trial and the law as instructed by the trial judge, where the *voir dire* of Commander S clearly supported a finding that the ministerial act of denying such privileges had no measurable adverse impact upon the court member's impartiality. *See United States v. Downing*, 17 M.J. 636 (N.M.C.M.R.1983) [citing *United States v. McQueen*, 7 M.J. 281 (C.M.A.1979) and *United States v. Parker*, 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955) ].

Accordingly, we affirm the findings of guilty and sentence as approved on review below.

Senior Judge KERCHEVAL and Judge RAPP concur.