**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Reno SOUNDINGSIDES,**
**Defendant-Appellant.**

**No. 86–1239.**

United States Court of Appeals,
Tenth Circuit.

Aug. 17, 1987.

Louis Edward Epps of Woodard & Epps (Rhonda Sigrist Woodard of Woodard & Epps, Cheyenne, Wyo., was also on brief), for defendant-appellant.

David A. Kern, Asst. U.S. Atty. (Richard Stacy, U.S. Atty., Cheyenne, Wyo., was also on brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, McKAY, LOGAN, SEYMOUR, JOHN P. MOORE, STEPHEN H. ANDERSON, TACHA and BALDOCK, Circuit Judges, and DALE E. SAFFELS, District Judge.

PER CURIAM.

On consideration of the Plaintiff-Appellee's petition for rehearing with suggestion for rehearing en banc and the Appellant's response, the petition for rehearing is denied by the panel who decided the appeal, Judges Holloway, Seymour and Saffels.

*First,* the Plaintiff-Appellee re-argues its position concerning the admission of the testimony of Gloria Goggles that defendant Soundingsides had beaten her almost every day during their relationship. As the opinion states, this testimony covered a relationship starting about 10 years prior to the trial and the incident in which the defendant pressed her abdomen and caused the loss of her baby in September 1976 (II R. 162). We remain convinced that

the holding in our opinion was correct for several reasons. The testimony was remote in time from the December 1980 murder of Valerie. Second, we reject the argument that the government faced a real issue on intent. The contention ignores the circumstances outlined in the panel opinion, 820 F.2d 1232, 1237, namely that defense counsel's opening statement adopted the position that defendant had been denied evidence showing he did not commit the acts he was accused of, and attacked statements attempting to implicate him in the killing of Valerie. The defense was thus focused on defendant not being involved; in no way was it a defense that defendant was involved but lacked malice aforethought. The defense never deviated from this position throughout the trial and in closing argument defense counsel reiterated the same position, saying that the government had proved there was a body, but not who committed the homicide. II R. 298.

Accordingly the government argument fails in light of the authority that where the government has a strong case on the intent issue, as here, the extrinsic offenses may add little and will be excluded more readily; if the defendant's intent is not contested, the incremental probative value of the extrinsic evidence is inconsequential when compared to its prejudice. *United States v. Beechum,* 582 F.2d 898, 914 (5th Cir.1978), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). Moreover, the government's argument overlooks the fact that, had the defendant put on evidence to contest malice aforethought, which he did not even attempt to do, the government had the right to put on extrinsic acts evidence in rebuttal to prove this element. *Accord, United States v. Hearst,* 563 F.2d 1331, 1337–38 (9th Cir.1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978). And, for reasons explained fully in our panel opinion we remain convinced the case is consistent with *United States v. Franklin,* 704 F.2d 1183 (10th Cir.), *cert. denied,* 464 U.S. 845, 104 S.Ct. 146, 78 L.Ed.2d 137 (1983). *See* 820 F.2d at 1237–38.

■ *Second,* we must reject the Plaintiff-Appellee's argument that it was entitled to have admitted the testimony of the F.B.I. Agents repeating the unsworn, out-of-court statements of Kevin Jenkins and Roger Brown, the two witnesses who recanted their prior testimony to the FBI investigators. Our opinion has detailed the admissions of Jenkins that he had made the prior inconsistent statements. II R. 210–14; 820 F.2d at 1241 n. 4. Witness Roger Brown also acknowledged having made the prior inconsistent statements. II R. 236–38.

The government argues nevertheless that it was entitled to have the agents also testify to the prior inconsistent statements and repeat them for the jury for impeachment. However, "where it is sought to impeach a witness by showing a prior inconsistent statement and the witness admits the prior inconsistent statement, the witness is thereby impeached and further testimony is not necessary." *United States v. Jones,* 578 F.2d 1332, 1340 (10th Cir.), *cert. denied, sub nom., Janko v. United States,* 439 U.S. 913, 99 S.Ct. 284, 58 L.Ed.2d 256 (1978). The further testimony by the agents repeating the admitted statements clearly risked the impermissible use by the jury of the statements as substantive, affirmative proof of guilt.

The government argues that our decisions are inconsistent with the language of F.R.Evid., Rule 613(b). We disagree. The Rule merely states that a witness must have an opportunity to deny or explain a prior inconsistent statement and that the opposite party must have an opportunity to question him about it if extrinsic evidence of the statement is admitted. The Rule does not state the converse, namely that extrinsic evidence of a prior statement must be admitted in all cases where a witness has had an opportunity to confront and explain it. Here, the witnesses *were* given the opportunity to explain or deny, and they admitted making prior inconsistent statements. Thus there was no basis for the admission of the testimony by the agents to then repeat the prior statements, which the witnesses had acknowledged. Our decisions would not permit the additional testimony to be admitted. *See United States v. Jones,* 578 F.2d at 1340, and cases there cited; *see also Dilley v. Chesapeake & Ohio R. Co.,* 327 F.2d 249, 251 (6th Cir.), *cert. denied,* 379 U.S. 824, 85 S.Ct. 47, 13 L.Ed.2d 34 (1964); *but see* 3A Wigmore on Evidence, § 10.37 (Chadbourn Revision 1970); 3 Louisell & Mueller, Federal Evidence § 358 at 564 (1979). Applying our decisions in no way violates Rule 613(b).

The Plaintiff-Appellee also relies on *Gordon v. United States,* 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447 (1953). While the discussion in the opinion did recognize the admissibility of a prior inconsistent written statement as the best evidence of the contradiction, the Court was dealing primarily with a claim for discovery and stated that it was "unnecessary to decide whether it would have been reversible error for the trial judge to exclude these statements once they had been produced and inspected." *Id.* at 420; *see also Stewart v. United States,* 412 F.2d 818, 820 n. 2 (5th Cir.), *cert. denied,* 396 U.S. 943, 90 S.Ct. 379, 24 L.Ed.2d 244 (1969) (*Gordon* "dealt only with *production* of prior inconsistent statements") (emphasis in original). Here, however, we do not have a case like *Gordon* where there was a denial of the production of the documents. Moreover here the substance of the statements—as related by the Agents—was repeated before the jury to the witnesses (Kevin Jenkins and Roger Brown) and the witnesses admitted making the prior inconsistent statements.

Our holding is a narrow one that since the substance of the statements had already been repeated before the jury and acknowledged, the overkill of testimony by the Agents again repeating the statements, with its prejudicial risk of use as substantive evidence, was error. *See United States v. Silverstein,* 737 F.2d 864, 868 (10th Cir.1984). While *Gordon* says that an admission that a contradiction is con-

tained in a writing "should not bar admission of the document," 344 U.S. at 420, 73 S.Ct. at 374, in our circumstances where the substance of the writing had been repeated to the jury and admitted by the witnesses, *Gordon* does not *require* the admission of the document when the prejudicial risk of improper use of the evidence is high. Thus, our holding is not at odds with *Gordon.*

Indeed, the government argues here that without the excluded evidence there is insufficient evidence "to sustain a conviction for criminal homicide," and that the case cannot be retried. Petition for rehearing with suggestion for rehearing en banc at 1. The argument proves too much. It in effect acknowledges that the evidence is needed as affirmative, substantive proof in order to sustain a conviction. This is clearly a prohibited use of the evidence. As we have held in *United States v. Silverstein,* the prosecutor may impeach a witness on the basis of a prior inconsistent statement under Fed.R.Evid. 613, but a prosecutor "may not use impeachment as a guise for submitting to the jury substantive evidence that is otherwise unavailable." 737 F.2d at 868. Moreover, as we noted in the panel opinion, 820 F.2d at 1243 and n. 5, while the case was a weak one of circumstantial proof, we did not hold that it should be dismissed, citing *Bailey v. United States,* 410 F.2d 1209, 1215–16 (10th Cir.), *cert. denied, sub nom. Freeman v. United States,* 396 U.S. 933, 90 S.Ct. 276, 24 L.Ed.2d 232 (1969). The evidence recited in note 5 and the false exculpatory statement of defendant to the effect that he thought that Willard Goggles was the person who beat up Valerie, II R. 101, *inter alia,* 820 F.2d at 1233, made a sufficient case for submission to the jury. Any use of the unsworn, out-of-court statements by Jenkins and Roger Brown to bolster the substantive proof would be entirely improper.

Accordingly, the petition for rehearing is denied. No Judge on the panel and no active Judge in regular service having requested a poll on the suggestion for rehearing en banc, the suggestion is denied.