**UNITED STATES, Appellee,**

v.

**Willard W. MANN, Staff Sergeant, U.S. Air Force, Appellant.**

No. 54,097.
ACM 24786.

Court of Military Appeals.

April 11, 1988.

Certiorari Denied Oct. 3, 1988.
See 109 S.Ct. 72.

For Appellant: *Captain Laurence M. Soybel* (argued); *Colonel Leo L. Sergi* and *Captain Deborah J. Hudspeth* (on briefs).

For Appellee: *Captain Marc Van Nuys* (argued); *Colonel Joe R. Lamport, Colonel Kenneth R. Rengert, Lieutenant Colonel Robert E. Giovagnoni* and *Major David F. Barton* (on briefs); *Lieutenant Colonel Morris A. Tanner, Jr.*

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by a general court-martial composed of a military judge and members during February 1985 at Homestead Air Force Base, Florida. Contrary to his pleas, he was found guilty of three specifications of committing indecent acts with his 9–year-old daughter and one specification of committing sodomy upon her, in violation of Articles 134 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 925, respectively. He was sentenced to a dishonorable discharge, confinement for 25 years, total forfeitures, and reduction to the lowest enlisted pay grade. The convening authority approved the findings of guilty and sentence, and the Court of Military Review affirmed. 21 M.J. 706 (A.F. C.M.R.1985).

This Court granted the following issues for review:

## I

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY ALLOWING INTO EVIDENCE PROSECUTION EXHIBITS 3, 4, AND 5, AS THESE MAGAZINES WERE NOT RELEVANT TO THE CHARGED OFFENSES.

## II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED IN HOLDING THAT THE MILITARY JUDGE'S ABUSE OF DISCRETION IN ALLOWING M.M.'S TESTIMONY CONCERNING ACTS OF UNCHARGED MISCONDUCT ALLEGEDLY COMMITTED BY APPELLANT WAS HARMLESS ERROR.

Appellant also filed a petition for new trial with the Judge Advocate General of the Air Force, which was forwarded to this Court in accordance with Article 73, UCMJ, 10 U.S.C. § 873. We resolve the granted issues against him and deny his petition for new trial, as well.[1]

The Court of Military Review's opinion contains the facts necessary to resolve these issues, as follows:

> Very briefly stated, the accused was convicted of committing the following misconduct: 1) between 4 April 1983 and 19 March 1984, an indecent assault upon A.L.M. by removing her pants and underpants, tying her to a chair, and attempting to insert an electrical, artificial penis into her vagina; 2) between 4 April 1983 and 19 March 1984, an indecent assault upon A.L.M. by applying vaseline to a thermometer and inserting it into her vagina; 3) on divers occasions, between 13 December 1982 and 19 March 1984, indecent assaults upon A.L.M. by inserting his finger into her vagina; and 4) between 4 April 1983 and 19 March 1984, sodomy upon A.L.M. [21 M.J. at 707.]

\*     \*     \*     \*     \*     \*

---

1. The petition for new trial has been closely examined by this Court, and we conclude that appellant has failed to justify such relief under

## II

During the findings portion of the trial, over defense objection, trial counsel presented the court members with three magazines, as well as testimonial evidence of uncharged misconduct. Appellant now asserts the military judge abused his discretion by allowing such materials into evidence.

The appellant's wife found the three magazines in his tool box which was locked and kept in a storage shed at their on-base quarters. In addition to the magazines, the tool box also contained an electric artificial penis, a jar of vaseline, some balloons, and some women's panties. His wife had never seen any of these items before. Appellant admitted he had purchased the artificial penis some time ago as a gag gift for some friends, but was too embarrassed to give it to them; and he had purchased the magazines several years ago as well. One of the magazines is categorized as a sex education manual for parents with small children. Appellant asserts it has no probative value and is inadmissible under Mil.R.Evid. 402. The appellant says the other two magazines are not relevant because they do not show sexually explicit pictures of children, but only contain pictures of grown men and women. He concludes they are offered only to show he is a bad man and that this purpose is in contravention of Mil.R.Evid. 404(b). [21 M.J. at 708.]

\*     \*     \*     \*     \*     \*

The first of the magazines offered by the government in this case was labeled as a sex education manual and, as found by the military judge:

> It depicts people from birth to adulthood, young children nude of opposite sex together not in suggestive poses, a young boy holding an erect penis, a father naked playing with his youngish naked daughter, a young boy with an erection touching the small breasts of

---

Article 73, Uniform Code of Military Justice, 10 U.S.C. § 873. *See United States v. Thomas,* 11 M.J. 135 (C.M.A.1981).

a young but older female, and a young girl fondling the penis of a younger male, and etcetera.

As described by the military judge, the manual contains approximately 140 pages of photographs of naked children and adults. In some poses, the adult models are engaging in sexual activities while the children are apparently watching. The other two magazines "depict young ladies having reached puberty in various poses with at times sexual aids, some nonelectric, others apparently of the electric type. Most of these young girls appear developed, with breast development and pubic hair. None appear to be non-teenagers." This Court would further note that in most of the photographs the young ladies are either using a sexual device, or have one or more fingers inserted in their vaginas. [*Id.* at 709.]

\* \* \* \* \* \*

The uncharged misconduct evidence appeared in the form of testimony by M.M., the eleven year old adopted son of appellant, and half-brother of A.L.M. Following defense objection, M.M. was permitted to testify that four or five years ago, while the family was living in Alaska, appellant committed several sex offenses on M.M. At the time of these offenses M.M. was seven years old and his mother was out of the house. One of the offenses was that, on one occasion, appellant sucked M.M.'s penis. The other offenses were that, on approximately four occasions, appellant took M.M. and A.L.M. into the bathroom. With both of them naked, he would have M.M. lay on A.L.M. and attempt to place M.M.'s penis into her vagina. A.L.M. variously testified, either these events did not happen, or she does not remember them happening. The government's theory of admissibility was that the acts were evidence of a common scheme or plan. Mil.R. Evid. 404(b). Appellant objected that these acts were not "close enough in time, place and circumstances to be relevant," and further, they were not plain, clear and conclusive in light of A.L.M.'s failure to corroborate M.M.'s testimony. [21 M.J. at 709–10.]

I

Appellant was charged with and found guilty, *inter alia*, of indecent acts with a child under 16 in violation of Article 134. The acts alleged to have occurred all involved the insertion of some object, other than appellant's penis (*e.g.*, vibrator, thermometer, finger), into the young girl's vagina. *See generally United States v. Thomas*, 25 M.J. 75 (C.M.A.1987). As an element of specific intent, the prosecution was also required to show that the.accused committed the act with "intent ... to arouse, appeal to, or gratify the lust or passions or *sexual desires of the accused* or the child or both." (Emphasis added.) Para. 213*f*(3), Manual for Courts-Martial, United States, 1969 (Revised edition). *See* para. 87, Part IV, Manual for Courts-Martial United States, 1984. Consequently, appellant's sexual interests with regard to young girls and penile-substitute penetration was a material issue for the members to resolve. Mil.R.Evid. 404(b), 1984 Manual, *supra*. *See United States v. Owens*, 21 M.J. 117, 123 (C.M.A.1985); *United States v. Watkins*, 21 M.J. 224, 227 (C.M.A.) (Cox, J., lead opinion), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986).

The first question for the military judge was whether the challenged pictorial evidence was relevant to show that appellant had this sexual desire during the charged acts. *See* Mil.R.Evid. 401. In other words, could these photographs be naturally interpreted as reflecting a passion on his part at that time towards young girls and sex acts involving penile substitutes? *See generally* 2 Wigmore, *Evidence* § 399 (b) and (c) (Chadbourn rev. 1979). We note that these magazines were shown to be possessions of appellant around the time of the charged offenses. Also they were stored at the scene of the crime with sexual implements or accessories similar to those allegedly used in two of the charged acts. Finally, the pictures in the manual and the

**4**

magazines, if not individually by suggestion, then together in effect, embrace all the elements of the particular sexual deviancy which appellant was alleged to harbor. Clearly, the act of possessing these materials under these circumstances could reasonably be viewed as reflecting or tending to reflect his sexual desires during the charged acts. *See United States v. Woodyard*, 16 M.J. 715 (A.F.C.M.R.), *pet. denied*, 17 M.J. 204 (1983); *Coile v. State*, 212 So.2d 94 (Fla.App.1968); *see generally Jarabo v. United States*, 158 F.2d 509, 513–14 (1st Cir.1946); *R. v. Thompson*, 2 K.B. 630 (1917).

The second question facing the military judge was whether this pictorial evidence should nonetheless be excluded because of its potential for undue prejudice. *See* Mil. R.Evid. 403. Admittedly, some of these pictures are quite graphic and might lead to a conclusion that their possessor was a sexual pervert. Moreover, an impermissible inference might be further drawn that because appellant was particularly interested in sex acts with children involving penile substitutes, he was a bad person who probably did the charged acts. *See* Mil.R.Evid. 404(a). However, appellant pleaded not guilty to the charged offenses, testified that they did not occur, and further stated that he only innocently bathed or tickled the victim. *See generally United States v. Lau*, 828 F.2d 871, 874 (1st Cir.1987); *see United States v. Watkins, supra.* Consequently, intent in doing these acts had become a necessary and contested issue in this case which enhanced the probity of the challenged evidence and justified its admission under Mil.R.Evid. 403. *See United States v. White*, 23 M.J. 84 (C.M.A.1986); *United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir.1987). *Cf. United States v. Soundingsides*, 825 F.2d 1468 (10th Cir. 1987). We find no error in the admission of this pictorial evidence under such circumstances.

**2.** The prosecution was required to prove that appellant was the person who committed the charged offenses. However, numerous acts were testified to by appellant's daughter, render-

## II

The second issue in this case is whether the military judge erred in admitting testimony from the victim's brother concerning past acts of sexual misconduct purportedly committed by appellant on him and his sister. We do not totally agree with the Court of Military Review's rationale for concluding that the judge abused his discretion in admitting this evidence. However, we agree with the court below that admission of this evidence, if error, was harmless. *United States v. Barnes*, 8 M.J. 115 (C.M.A.1979); *see United States v. Gonzalez-Sanchez*, 825 F.2d 572, 580 (1st Cir.1987). *See generally United States v. Weeks*, 20 M.J. 22 (C.M.A.1985).

The most important issue in this case was whether the sexual acts testified to by the victim actually occurred. The defense asserted that these acts did not occur. It did not concede that the acts occurred and claims they were perpetrated by someone other than appellant. Accordingly, it was the occurrence of the acts, not appellant's identity as the perpetrator of these acts, which was the central issue in dispute.[2]

Evidence of a common scheme or plan to do certain acts is relevant to show that the charged acts were done as parts of this plan. *United States v. Brannan*, 18 M.J. 181, 183 (C.M.A.1984). *See United States v. Brooks*, 22 M.J. 441, 444 (C.M.A.1986). If the Government showed that appellant planned to commit indecent acts with his children, then this would be some circumstantial, yet corroborative, proof that he committed indecent acts with his 9–year-old daughter as she testified in this case. To evidence this plan, the Government offered proof that on numerous occasions over the past 5 years appellant committed similar indecent acts with his three children, including the victim, at home when the mother was absent. The military judge particularly found that the boy's testimony that appellant on four occasions attempted to

ing slight the possibility of misidentification of her father as the perpetrator. *Cf. United States v. Cordova*, 25 M.J. 12 (C.M.A.1987).

insert his penis into his sister's vagina while the mother was not home reflected such a plan or common scheme.

We disagree with the Court of Military Review "that these acts were not 'close enough in time, place and circumstances to be relevant.'" 21 M.J. at 710. The apparent remoteness of some of these acts (5 years) does not undermine their relevance where the youth of the victim is an important component of the averred plan. *See generally United States v. Burkett*, 821 F.2d at 1309–10. Moreover, the bizarre similarity of the indecent acts, the common situs of their commission in the home, and the usual time of occurrence during the mother's absence strongly indicate that more than "a collection of disparate acts" is involved. *Cf. United States v. Rappaport*, 22 M.J. 445, 447 (C.M.A.1986). The military judge did not abuse his discretion in concluding that these prior acts were probative of a plan on appellant's part to sexually abuse his children. Mil.R.Evid. 401.

In any event, we agree with the Court of Military Review that the challenged evidence of these acts should have been excluded under Mil.R.Evid. 403. Appellant denied these acts occurred, the victim of the charged offenses disclaimed any memory of these acts, and the brother's testimony was not specific. *Cf. United States v. York*, 830 F.2d 885, 894 (8th Cir.1987); *United States v. Evans*, 697 F.2d 240, 249 (8th Cir.), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983). Consequently, the members were unnecessarily tasked with determining whether the four acts of uncharged misconduct occurred before they could decide whether the charged acts occurred. Mil.R.Evid. 403 was designed to avoid such confusion.

■ The error in admitting the brother's testimony, however, was clearly harmless. Art. 59(a), UCMJ, 10 U.S.C. § 859(a). *See United States v. Barnes, supra.* Mil.R. Evid. 103(a). Overwhelming evidence of guilt was presented by the Government in this case which included the clear and unambiguous testimony of the victim, corroborative medical testimony from an examining physician concerning the victim's scarred vagina, and the damaging physical evidence of the vibrator and vaseline. Moreover, to some extent the brother's testimony of prior uncharged sexual acts by appellant on him was cumulative since both his sisters testified without objection to uncharged indecent acts appellant purportedly committed upon them. Finally, the particular and thorough instruction of the military judge focused the members on their priorities and ensured that this testimony would not be used for an improper purpose. *See United States v. Gonzalez-Sanchez*, 825 F.2d at 582.

Appellant's petition for a new trial is denied.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (concurring in part and dissenting in part):

I conclude, as did the majority in the Court below, that the military judge did not err in admitting into evidence the three sexually explicit magazines. One of the magazines—a purported sex-education manual—quite clearly portrays, both textually and pictorially, intimate sexual contact between adults and young children. The other two, on the other hand, appear to be rather typical pornography—hard-core, no doubt, but not themselves particularly focused on the type of offenses here at issue. However, it is significant to me that these magazines had been stored by appellant in a locked shed with implements similar to those used in two of the alleged crimes. I would feel more comfortable with the result, though, if the Government had offered expert testimony to confirm the common-sense inference that possession of such magazines under these circumstances tends to prove that the possessor desired to

commit sexual assaults on young girls. Without such testimony, I could not fault the military judge if he had excluded the magazines, consistent with the rationale of Judge Murdock's dissent below.

I also agree with the court below that the military judge abused his discretion in allowing the alleged victim's half-brother to testify about several sex offenses committed on him by appellant 4 or 5 years before. As the Court of Military Review concluded, these offenses were too remote in time and place to sustain the Government's theory of admissibility—namely, that they evidenced a common scheme or plan.

My only disagreement with the court below concerns their failure expressly to reassess the sentence adjudged in light of their conclusion that the judge had erred by admitting the evidence of appellant's prior misconduct. Therefore, I would affirm the findings and remand the case to the Court of Military Review solely for reassessment of sentence.