UNITED STATES, Appellee,

v.

Anthony J. BAUMANN, Sergeant,
U.S. Army, Appellant.

No. 00–0076.
Crim.App. No. 9701765.

U.S. Court of Appeals for
the Armed Forces.

Argued May 3, 2000.

Decided Sept. 11, 2000.

Crawford, Chief Judge, filed opinion
concurring in the result.

SULLIVAN, J., delivered the opinion of the Court, in which GIERKE and EFFRON, JJ., and COX, S.J., joined. CRAWFORD, C.J., filed an opinion concurring in the result.

For Appellant: *Major Kirsten V.C. Brunson* (argued); *Major Scott R. Morris* and *Colonel Adele H. Odegard* (on brief).

For Appellee: *Captain Troy A. Smith* (argued); *Colonel Russell S. Estey* and *Lieutenant Colonel Eugene R. Milhizer* (on brief); *Captain Kelly D. Haywood.*

Judge SULLIVAN delivered the opinion of the Court.

During the fall of 1997, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Sill, Oklahoma. Contrary to his pleas, he was found guilty of assault with a dangerous weapon, indecent acts with a child, indecent liberties with a child, and communicating a threat (3 specifications), in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934. On November 13, 1997, he was sentenced to a dishonorable discharge, confinement for 6 years, total forfeitures, and reduction to Private E–1. On February 13, 1998, the convening authority approved the sentence as adjudged, but waived the forfeitures for a period of approximately 6 months. On September 1, 1999, the Court of Criminal Appeals affirmed the findings of guilty and sentence in a memorandum opinion.

We granted review of appellant's case on January 24, 2000, on the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ALLOWING MRS. BAUMANN TO TESTIFY, OVER DEFENSE OBJECTION, REGARDING PRIOR ACTS OF UNCHARGED MISCONDUCT BY APPELLANT IN VIOLATION OF MILITARY RULE OF EVIDENCE 404(b).

We hold that the military judge at appellant's court-martial for sexually abusing his daughter erred by admitting evidence that appellant sexually abused his two younger sisters 25 years earlier. Mil.R.Evid. 403, Manual for Courts–Martial, United States (1995 ed.); [*] *see United States v. Mann*, 26 MJ 1, 5 (CMA 1988). Nevertheless, we hold this error was harmless under the circumstances of this case. *Id.; see* Article 59(a), UCMJ, 10 USC § 859(a).

Appellant was a 38–year–old married sergeant. As noted above, in 1997 he was charged with and found guilty of committing indecent acts in 1992 with his 11–year–old daughter [hereinafter sometimes referred to as "J"] by "having her masturbate him with her hands" and "fondling her breast" and "placing his hand between her legs". He was also charged with taking indecent liberties with his daughter "by exposing his private parts to her." In a 1997 pretrial statement to military police (introduced into evidence as Prosecution Exhibit 2), he admitted exposing himself and masturbating in front of his daughter. Appellant claimed that he was providing parental education to her in sexual matters as a result of her previous discovery of him masturbating in his bathroom. He also stated that "during the time I was showing J how boys masturbate, there is a good possibility that J . . . may have touched my penis and may have gotten some of the ejaculate on her hands." (Pros. Ex. 2). He further stated, "I pointed out where her clitoris was and in doing so I believe I touched her upper leg and inner thigh." He finally admitted that he touched her in other places inadvertently during this incident. ("I don't

---

[*] All Manual provisions are cited to the version applicable at trial. The current version is un-changed, unless otherwise indicated.

remember touching her breast or chest area, although there my (sic) have been inadvertent brushing while we were talking." (Pros. Ex. 2)).

Appellant's daughter, however, testified to a similar but not identical series of sexual touchings on two different occasions. (R. 80–86). She stated that appellant purposefully touched her, and she touched him as he directed. She admitted that he indicated to her that he was "showing [her] these things out of some type of educational purpose." (R. 93). Appellant argued that his daughter's deliberate-touching testimony was an embellishment encouraged by his wife, who manipulated her children to lie about him because she wanted a divorce to marry another man.

Other evidence in this case revealed that Mrs. Baumann first learned in January of 1997 that appellant sexually abused their daughter in 1992. It also showed that she hired a lawyer in March 1997 for the purpose of divorcing appellant. After trial counsel and defense counsel completed their examination of Mrs. Baumann, the military judge tried to clarify some of the facts pertinent to Mrs. Baumann's divorce decision. He asked her when she had decided she wanted a divorce and what the basis for that decision was. Mrs. Baumann testified that she "finalized" her decision in late February 1997, after learning of appellant's sexual abuse of their daughter in January, and because she "had found something out from [appellant's] mother." (R. 113). She did not further explain at this point what she found out from appellant's mother.

Later in the trial, a court member submitted a written inquiry directed to Mrs. Baumann, which stated:

What did she find out from SGT Baumann's mother that finalized her decision to get the divorce?

(*This may show another sexual incident that may be similiar [sic] or show a history of this problem.*)

(Emphasis added.)

In a session under Article 39(a), UCMJ, 10 USC § 839(a), the military judge heard Mrs. Baumann's testimony answering this question and the lawyers litigated its admissibility. The military judge then allowed Mrs. Baumann to testify, over defense objection on hearsay, Mil.R.Evid. 404(b), and Mil.R.Evid. 403 grounds, why she made the final decision to divorce appellant. He ruled:

MJ: Okay. Concerning the defense objection to the question, I'm going to allow the question, and I'm going to allow it for a couple of reasons:

First of all, I'm going to allow it, and I'm going to instruct the members that they may consider, *for the limited purpose of determining why she took the action she took; that is, she finally decided that she wanted a divorce;*

Secondly, it's relevant because throughout this trial, from the opening statement, *the defense has argued*—it has been the defense's theory, throughout the cross-examination, *that Mrs. Baumann has put her children up to this for some ulterior motive.* The questions asked of Mrs. Baumann when she was on the stand concerning a possible relationship with somebody else, the divorce not being final until after the outcome of the trial, the fact that the children lived with her since August. And certainly the questions that they asked her about this not being started until some time after January or March—and I realize the government asked some of those questions. I believe that this relevant [sic] to rebut that defense theme. I believe it's also relevant, again, for the limited purposes of establishing why she took the action she took.

Now, applying a [Mil.R.Evid.] 403 balancing test, I believe that with a limiting instruction, the members can sort the evidence out and apply it properly for the limited purpose for which I am going to allow it. Once again, Captain Roose [defense counsel], I know you have to have your theory, and I know you have to have your theme, but if you open the door, you opened the door. And you opened the door. . . .

I previously made a ruling concerning the question asked by the jury member, and I am going to allow it. I believe that it's relevant and probative of the issues before the court. I think I stated the reasons why it was relevant before. Moreover, I make the specific finding that the evidence's probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members.

(R. 129–33) (emphasis added).

Mrs. Baumann then testified before the members. *She said that her husband's mother told her that appellant had sexually molested his two younger sisters when he was 13 years old.* (R. 134). The military judge then instructed the members on this testimony:

> MJ: Members, of the court, concerning Mrs. Baumann's response, I have allowed that question for two purposes, and you may consider it for these limited purposes only. *I allowed it to show her motive for finalizing this divorce,* and that's the limited purpose. I also allowed it for—and it may be considered by you—for the limited purpose *of its tendency, if any, to rebut the contention of the defense that there is some ulterior motive by Mrs. Baumann in filing for this divorce.* And for its limited tendency, *if any, to rebut the defense position that she is not a credible witness because of that.* Or that she has some ulterior motives for testifying the way she testified in court, *or that her children had some ulterior motives for testifying the way they did in court.* You may not consider this evidence for any other purpose, and you may not conclude from this evidence that Sergeant Baumann is a bad person, or has criminal tendencies, and that he has, therefore, committed the offenses charged.

(R. 135–36) (emphasis added). The trial counsel referenced Mrs. Baumann's testimony several times during his closing argument and rebuttal argument. (R. 173, 181).

On this appeal, appellant challenges the admission of testimony by his wife that his mother told her that he had sexually molested his two younger sisters when he was 13. (R. 134–35). He objected to the admission of this evidence at trial. (R. 129–31). The military judge, however, admitted this testimony to show why appellant's wife sought a divorce from him in January of 1997 and to rebut the defense contention that her motive for divorcing appellant and ensuring his conviction was her new relationship with another man. (R. 131–32). Appellant argues the above evidentiary purpose was not relevant in his case; this purpose was not permitted by Mil.R.Evid. 404(b); uncharged misconduct cannot be proved by hearsay evidence; and the danger of unfair prejudice resulting from the admission of such evidence for this purpose clearly outweighed its probative value. *See* Mil.R.Evid. 403.

■ As a starting point, we note that the challenged testimony of appellant's wife would be inadmissible on hearsay grounds if it was offered to show this sexual misconduct actually occurred 25 years earlier, as purportedly asserted by appellant's mother in her out of court statements. *See* Mil.R.Evid. 801(c) and 802. Moreover, such testimony, even if admissible under a hearsay exception in Mil.R.Evid. 803 or 804, could not be used to show appellant was a child molester and probably committed the charged crimes of child sexual molestation. *See* Mil.R.Evid. 404(a). However, the challenged testimony was not offered or admitted to show appellant committed the prior misconduct and that he was a child molester who probably committed the charged child molestation offenses. *See generally* Mil.R.Evid. 105 (evidence can be admitted for one purpose and not another); 1A Wigmore, *Evidence* §§ 215–17 at 1868–83 (Tillers rev.1983). Instead, it was offered for another purpose; *i.e.,* to show what was said to appellant's wife in January of 1992 which caused her to seek a divorce from appellant, and we find it was relevant to show that fact. *See generally* 2 Wigmore, *Evidence* § 389 at 416 (Chadbourn rev.1979) (evidence of circumstances which

excite an emotion in a person to do a particular act); *e.g., United States v. Brown,* 28 MJ 470, 473–74 (CMA 1989) (evidence of report of an accused's misconduct might be admissible to show state of mind of third party).

Moreover, this fact (appellant's wife's reason for seeking a divorce from appellant) was an issue of consequence in this case. *See* Mil.R.Evid. 401. The defense contended (R. 53–55, 74, 174–77) that appellant's wife had manipulated their children to testify falsely against him because she wanted to divorce him and marry another man. *See generally* Mil.R.Evid. 608(c) (evidence of a witness's motive to misrepresent). Mrs. Baumann denied that she coached her children in their testimony "with the knowledge that there is a pending divorce." (R. 107). However, on cross-examination, she admitted that her divorce from appellant would not be finalized until after this court-martial (R. 107–08), and she admitted telling a friend prior to this trial that she had met someone and was considering marriage. (R. 110). The challenged testimony was relevant because it rebutted the basis for the defense suggestion that she had a motive to falsely manipulate the court-martial proceedings against him. *See United States v. Banker,* 15 MJ 207, 212 (CMA 1983)(evidence of prosecution witness's conduct in buying drugs was relevant to counter assertion that he was testifying against accused pursuant to a motive to rid base of drugs).

■ Appellant nonetheless argues that evidence of uncharged misconduct of an accused offered to show a motive for some action by a person other than an accused is precluded by Mil.R.Evid. 404(b). Final Brief at 6. He cites the permissible purposes listed in the rule and asserts that unlisted purposes are implicitly prohibited. He finally contends that this rule permits the admission of evidence of uncharged misconduct by an accused *only* to show the motive of that accused, not the motive of some other person. Mil.R.Evid. 404(b) states:

(b) *Other crimes, wrongs, or acts. Evidence* of other crimes, wrongs, or acts *is not admissible to prove the character of a person in order to show action in conform-*

*ity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, that upon request by the accused,* the prosecution shall provide reasonable notice in advance of trial, or during trial if the military judge excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

(Emphasis added.) This type of rule has long been viewed by federal courts and others as a rule of inclusion, not exclusion, as urged by appellant. *See generally* 1 Edward J. Imwinkelried, *Uncharged Misconduct Evidence* § 2:31 at 163 (1999 rev. ed.). Accordingly, we reject his suppression argument based on Mil.R.Evid. 404(b).

Moreover, Mil.R.Evid. 404(b) arguably is not applicable in this case because the evidence of uncharged misconduct by appellant was ultimately offered to show the credibility of Mrs. Baumann and her children as witnesses at this court-martial. *See generally* Imwinkelried, *supra* at §§ 1:07 and 1:12; *United States v. Farmer,* 923 F.2d 1557, 1567 (11th Cir.1991). In that situation, however, the admissibility of this credibility evidence would still have to be considered under Mil. R.Evid. 608(c) and 403. *See also United States v. Brown,* 28 MJ at 473–74.

■ Finally, appellant argues that the probative value of this evidence was substantially outweighed by its danger of unfair prejudice. *See* Mil.R.Evid. 403. Previously, this Court has recognized that evidence of prior sexual misconduct by an accused with young siblings in his family could highly prejudice his defense that he did not sexually molest his own daughter as charged. *See United States v. Mann,* 26 MJ at 5; *United States v. Munoz,* 32 MJ 359, 364 (CMA 1991). Moreover, the record shows that the Government had already evidenced a reason for appellant's wife seeking a divorce in early 1997 prior to appellant's court-martial, *i.e.,* the charged misconduct in this case. *See United States v. Neill,* 166 F.3d 943, 946 (9th Cir.1999)(no real probative value test for appellate courts to determine abuse of discre-

tion by trial judge under Fed.R.Evid. 403). In view of the reduced, if not nonexistent, probative value for such evidence and its high potential for prejudice and confusion of issues, we conclude that the military judge abused his discretion by admitting the challenged evidence in violation of Mil.R.Evid. 403. *See United States v. Mann, supra; see also United States v. Bins,* 43 MJ 79, 86 (1995); *see generally* 1 Steven A. Childress & Martha S. Davis, *Federal Standards of Review* § 4:21 at 4–136 and 4–138 (3d ed.1999) (discussing appellate review standard of abuse of discretion).

▉ The final question is whether the erroneous admission of this evidence over defense objection was harmless error. *See* Article 59(a), UCMJ; Mil.R.Evid. 103(a). We consider such a question in light of the record of trial and the criteria for determining evidentiary harmlessness articulated long ago in *United States v. Weeks,* 20 MJ 22, 25 (CMA 1985). *See United States v. Kerr,* 51 MJ 401, 405 (1999). The burden is on the Government to persuade us that such error did not materially prejudice the substantial rights of appellant. *See United States v. Armstrong,* 53 MJ 76 (2000).

Turning to the record before us, we note that the prosecution presented an overwhelming case based on the unequivocal testimony of the victim, which was substantially corroborated by appellant's pretrial statement acknowledging the occurrence of most of the charged acts (*i.e.,* deliberate exposure of his genitals to his daughter, purposefully masturbating in front of her, and touching of her breasts and in between her legs). *Cf. United States v. Mann, supra.* Appellant's story of demonstrative parental sex education was an extremely weak defense, if a defense at all, and his claimed accidental touching was substantiated only by his self-serving pretrial statement to police investigators. Finally, the military judge gave extensive instructions on the proper use of appellant's wife's testimony to show her motive for testifying in this case and on the impermissible use of this evidence on the bad character question. (R. 135–36). *See United States v.*

*Smith,* 52 MJ 337, 344 (2000), citing *United States v. Whitner,* 51 MJ 457, 461–62 (1999). In our view, the admission of this evidence under the circumstances of this case did not materially prejudice appellant's substantial rights.

The decision of the United States Army Court of Criminal Appeals is affirmed.

CRAWFORD, Chief Judge (concurring in the result):

This is a case that includes three classic issues: what constitutes opening the door, what constitutes hearsay per Mil.R.Evid. 801(c),[*] and what is our standard of review?

### The "Opening the Door" Doctrine

From *voir dire* to closing arguments, the defense's theory of the case was that Mrs. Baumann was manipulating her children to lie because she wanted a divorce to marry another man. This was set forth in the defense's cross-examination: "Mrs. Baumann, do you recall telling Shelly Whitaker that you had met someone and you were considering getting married?"

Implicit in the "opening the door" doctrine is the question of whether one party is seeking to obtain an unfair advantage. Certainly, the defense theory of the case was carefully designed—that is, the children were asked by the wife to embellish their story so that she could obtain a divorce. Thus, it was reasonable to ask whether the sole purpose for the divorce was so that she could marry another individual. However, was this the wife's sole motivation?

Defense counsel never asserted that their theory was accidental, nor did they offer to modify the theory to make the member's question illogical and, thus, preclude the cross-examination of Mrs. Baumann. Because there were at least two factors that motivated seeking the divorce, one cannot deny the logical relevance of Mrs. Baumann's belief that appellant abused his younger sister as a reason for her to seek divorce. Thus, fair play and the determination of the

---

[*] This Rule is exactly the same as Fed.R.Evid. 801(c).

truth or falsity of the charges depended on the answer to the court member's question.

## Hearsay

The statement from the mother was not hearsay per Mil.R.Evid. 801(c) because it was not offered for the truth of the matter asserted, but rather to set forth what caused appellant's wife to seek a divorce and to show the state of mind of appellant's wife. *See, e.g., United States v. Castro–Lara,* 970 F.2d 976, 981 (1st Cir.1992). In admitting her statement, the judge applied a Mil.R.Evid. 403 balancing test and gave an instruction properly limiting the admission of the evidence to the non-hearsay purpose.

## Standard of Review

Our standard of review is abuse of discretion. Here, there was no abuse of discretion. The judge was required to make a sound, on-the-spot ruling based on the theories presented during *voir dire* and cross-examination. Further, there was no proffer by defense counsel that the judge had misinterpreted their theory in the case.

The majority's ruling permits the defense to present the false impression that Mrs. Baumann had only one reason for seeking the divorce. Such a holding undermines not only fair play and the truthfinding purpose of a trial, but also public confidence in the military justice system.