OPINION OF THE COURT
WERNER, Judge:
In accordance with his pleas, appellant was convicted of attempted larceny, desertion, absence without leave, and resisting apprehension in violation of Articles 80, 85, 86 and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 885, 886 and 895. A court composed of members sentenced him to the maximum punishment of a dishonorable discharge^ confinement at hard labor for five years, total forfeitures, and reduction to Private E-l. Pursuant to a pretrial agreement, the convening, authority approved all but the confinement portion of the sentence which he reduced to three years.
Appellant contends that the military judge erred in failing' to declare a mistrial because the court members had improperly learned that another charge had been pending against him. Unbeknownst to the parties and the military judge, a flyer had been distributed to the court members which reflected an assault and *463 battery charge of which appellant had been acquitted. The military judge first noted that this was uncharged misconduct, involved a relatively minor offense, and that he had instructed the members to disregard it. Then he denied appellant’s motion for a mistrial. We hold that his ruling was correct. A declaration of a mistrial is a drastic remedy which a trial judge may employ to correct a serious procedural or substantive deficiency in the proceedings. See United States v. Pastor, 8 M.J. 280 (C.M.A.1980); paragraph 56e, Manual for Courts-Martial, United States, 1969 (Revised edition). The test to determine the propriety of a trial judge’s ruling on this issue is whether he abused his discretion. Under the circumstances present here, we see no such abuse. Accordingly, the assigned error is without merit.
Although not raised by appellant, we find that his plea of guilty to resisting apprehension by German police officers is improvident. As indicated above, appellant was charged with violating Article 95, Uniform Code of Military Justice, 10 U.S.C. § 895. However, resisting the apprehension of foreign police officials who are not agents of the United States is not a violation of that article but is more appropriately chargeable under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. United States v. Braloski, 50 C.M.R. 310 (A.C.M.R.1975). Unfortunately for the Government, the military judge’s plea inquiry only concerned those elements pertinent to a violation of Article 95 while omitting those necessary for a provident plea under Article 134. Consequently, even though the plea inquiry established an adequate factual predicate for appellant’s plea, it never elicited his willingness to admit guilt of all the elements of the offense under Article 134 (prejudice to good order and discipline as an example). United States v. Stener, 14 M.J. 972 (A.C.M.R. 1982). Therefore, the finding of guilty of the offense of resisting apprehension must fall.
We have considered various forms of corrective action to remedy the noted error. See United States v. Roa, 12 M.J. 210 (C.M.A.1982). We believe reassessment of the sentence is most appropriate in view of the fact that the resisting apprehension specification was not the principal offense underlying appellant’s sentence. See United States v. Watkins, 14 M.J. 803 (A.C.M. R.1982).
The finding of guilty of Additional Charge I and its Specification is set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for two years, total forfeitures and reduction to Private E-l is affirmed.
Senior Judge MARDEN and Judge PAU-LEY concur.