UNITED STATES, Appellee,

v.

Private E1 William A. RHODES, United States Army, Appellant.

ARMY 9700227.

U.S. Army Court of Criminal Appeals.

Jan. 26, 1998.

For Appellant: Major Michael E. Hatch, JA; Captain Patricia A. Harris, JA (on brief).

For Appellee: Lieutenant Colonel Eva M. Novak, JA.

Before TOOMEY, TRANT, and CARTER, Appellate Military Judges.

## OPINION OF THE COURT

TOOMEY, Senior Judge:

Pursuant to his pleas, appellant was found guilty by a military judge sitting as a general court-martial of failure to obey a lawful order (two specifications), resisting apprehension, reckless driving (two specifications), and wrongful appropriation in violation of Articles 92, 95 *and* 134 (sic), 111, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 895 *and* 934 (sic), 911 and 921 (1988) [hereinafter UCMJ]. The convening authority approved the findings and, pursuant to a pretrial agreement, only so much of the sentence as provided for a bad-conduct discharge, confinement for twenty-two months, forfeiture of all pay and allowances, and reduction to Private E1.

This case is before the court for review pursuant to Article 66, UCMJ. The appellant submitted the case on its merits asserting no error, but asked this court to consider matters raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). While not raised as error or pursuant to *Grostefon,* upon reviewing the case we find that the military judge erred by finding the appellant guilty of two UCMJ articles (Articles 95 *and* 134) for the single specification alleging resisting apprehension by off-post civilian police authorities charged as a violation of Article 95, UCMJ (the specification of Charge III). We will remedy the error in our decretal paragraph by setting aside the portion of the guilty finding of Charge III relating to Article 95, UCMJ.

## FACTS

Charge III and its specification alleged that the appellant resisted apprehension in violation of Article 95, UCMJ. Both the stipulation of fact and the *Care*[1] inquiry conducted by the military judge disclosed that the appellant resisted apprehension by civilian police officers not affiliated with the military for non-military offenses. The civilian police were not acting as agents of the

military during the apprehension. During the providence inquiry, the military judge noted that the offense might be charged under the wrong punitive article of the Code. The military judge then pursued the *Care* inquiry in terms of both Articles 95 and 134, UCMJ. The appellant did not object to the expanded inquiry. The appellant admitted the service discrediting nature of his conduct as well as the elements of resisting apprehension under both Articles 95 and 134, UCMJ. The military judge cited *United States v. Nocifore,* 31 M.J. 769 (A.C.M.R. 1990), *United States v. Hutcherson,* 29 C.M.R. 770, 1960 WL 4595 (A.F.B.R.1960), and *United States v. Hunt,* 18 C.M.R. 498, 1954 WL 2748 (A.F.B.R.1954), as cases where Article 95, UCMJ, may have been applied to a servicemember resisting apprehension by nonmilitary affiliated civilian law enforcement personnel. The military judge then stated,

> I'm not convinced that those cases that (sic) say that Article 95 is not an offense with respect to civilian police officers. I'm not convinced that body of law is correct. However, all of those cases tell me that it can also be—if not 95, it is certainly an offense under Article 134; which is why, when I talked to Private Rhodes about 95 and the 128, with respect to the police officer, I added that additional element [conduct of a nature to bring discredit upon the Armed Forces]. So, we have that on the record for us.

The military judge announced his Charge III finding as, "Of the Specification of Charge III: Guilty, as well as guilty of a violation of Article 134 with respect to that specification." The military judge made plain his dual findings by continuing immediately after announcing findings, "Now what do you think about merging the Article 95 offense and the Article 128 offense [Charge VI and its specification]?"[2] The trial counsel concurred in the dismissal of the Article 128, UCMJ, offense. The military judge then

---

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6056 (1969).

2. The appellant was also charged with, and pleaded guilty to, assaulting a law enforcement

officer in violation of Article 128, UCMJ. The assault constituted, in part, the act of resisting apprehension.

amended Charge III's specification to incorporate Charge VI's assault, and dismissed Charge VI and its specification.

## LAW

Article 51(d), UCMJ, 10 U.S.C.A. § 851(d), provides that, "The military judge ... shall make *a general finding*" (emphasis added). Rule for Courts–Martial 918(a) [hereinafter R.C.M.] directs that, "[t]he *general findings* of a court-martial [will] state whether the accused is guilty of *each offense charged*" (emphasis added). There are only four permissible general findings: *"guilty; not guilty, but guilty of a violation of Article ——; not guilty only by reason of lack of mental responsibility; or not guilty."* R.C.M. 918(a)(2) (emphasis added). Forms of findings are set forth in Appendix 10, Manual for Courts–Martial, United States (1995 edition) [hereinafter MCM, 1995].

## DISCUSSION

■ The military judge's findings that one specification violated two articles of the UCMJ did not comply with Article 51(d), UCMJ, and the formats for findings provided by the Manual. *See* R.C.M. 918; and Appendix 10, MCM, 1995. The UCMJ and the Manual do not permit nor provide for alternative or conjunctive findings. The military judge erred by finding the appellant guilty of two different UCMJ articles for the same single specification.

■ Where error is found, it must be tested for prejudice to the appellant. UCMJ art. 59(a), 10 U.S.C.A. § 859(a). Nonconstitutional error may be found harmless only upon the determination either that the court was not influenced by it, or that the error had but slight effect on the resolution of the issues in the case. *United States v. Hill*, 41 M.J. 596, 602 (Army Ct.Crim.App.1994); *United States v. Mann*, 21 M.J. 706, 710 (A.F.C.M.R.1985). Under the total circumstances of this case, the appellant was not prejudiced by the error.

The military judge correctly noted that Article 95, UCMJ, generally is not applicable to a soldier resisting off-post apprehension by nonmilitary affiliated civilian police offi-

cers. Article 95, UCMJ, punishes "[a]ny person subject to this chapter who resists *apprehension* or breaks arrest or who escapes from custody or confinement" (emphasis added). "Apprehension" is a unique and specific term defined by Article 7, UCMJ, 10 U.S.C.A. § 807.

Article 7, Apprehension

(a) Apprehension is the taking of a person into custody.

(b) Any person authorized under regulations governing the armed forces to apprehend persons subject to this chapter or to trial thereunder may do so upon reasonable belief that an offense has been committed and that the person apprehended committed it.

(c) Commissioned officers, warrant officers, petty officers, and noncommissioned officers have the authority to quell quarrels, frays and disorders among persons subject to this chapter and to apprehend persons subject to this chapter who take part therein.

To violate Article 95, UCMJ, the apprehension must be in accordance with R.C.M. 302. MCM, 1995, Part IV, paras. 19c(1)(a) and (b). In accordance with Article 7(b), UCMJ, R.C.M. 302(b) is a regulation establishing who may apprehend persons subject to trial by court-martial. Civilian law enforcement personnel can apprehend servicemembers in limited circumstances. For example, R.C.M. 302(b)(1) permits persons not subject to the Uniform Code of Military Justice, but designated by proper authority to perform "military criminal investigative, guard, or police duties," to apprehend persons subject to trial by court-martial. Furthermore, R.C.M. 302(b)(3) permits civilian law enforcement officials to apprehend deserters. However, as noted in the R.C.M. 302(b)(3) discussion, "this authority does not permit state and local law enforcement officers to apprehend for *other violations* of the code. See Article 8" (emphasis added). *Cf.* R.C.M. 302 analysis, at A21–13–14. The apprehending officers did not fall within any of the categories of individuals authorized to apprehend by R.C.M. 302(b).

■ Appellant's resistance of apprehension by nonmilitary affiliated civilian law enforcement officers for nonmilitary offenses was not subject to court-martial under Article 95, UCMJ. UCMJ, art. 7; MCM, 1995, Part IV, para. 19c(1) and analysis, at A23–6; R.C.M. 302(a)(2); R.C.M. 302(b)(1) and discussion; R.C.M. 302(b)(3) and discussion; R.C.M. 302(b) analysis, at A21–13–14; *United States v. Seymore*, 19 M.J. 608 (A.C.M.R. 1984); *United States v. Hutcherson*, 29 C.M.R. 770, 1960 WL 4595 (A.F.B.R.1960); and *United States v. Hunt*, 18 C.M.R. 498, 1954 WL 2748 (A.F.B.R.1954).

The military judge had the duty to resolve the matters inconsistent with the appellant's guilty plea. UCMJ art. 45; R.C.M. 910(h)(2). The military judge's plea inquiry established an adequate factual predicate for a provident plea under Article 134, UCMJ. Appellant's providence inquiry specifically addressed the service discrediting element of an Article 134, UCMJ, resisting apprehension offense, as well as the resisting apprehension elements of Article 95, UCMJ.

■ It is well established that a military accused can be found guilty upon his guilty plea to an uncharged offense closely related to the charged offense even if the offenses are under different Articles of the Code. *United States v. Hubbard*, 28 M.J. 203, 206 (C.M.A.1989); *United States v. Epps*, 25 M.J. 319, 322–323 (C.M.A.1987); *United States v. Felty*, 12 M.J. 438 (C.M.A.1982); *United States v. Caver*, 41 M.J. 556, 564 (N.M.Ct. Crim.App.1994), et al. The Court of Military Appeals stated in *Epps*, at 323:

> [I]f an accused pleads guilty and then at the providence inquiry, he gives sworn testimony which clearly establishes his guilt of a different but closely-related offense having the same maximum punishment, we

may treat [the] accused's pleas of guilty as provident.

Under the circumstances of this case, the appellant's guilty plea to the Article 134, UCMJ, resisting apprehension charge is provident. The appellant persisted in his guilty plea after the military judge questioned the validity of Charge III under Article 95, UCMJ; the offenses are closely related; the punishment for each offense is the same;[3] and appellant admitted all the elements necessary to substantiate the Article 134, UCMJ, offense. Accordingly, the military judge's Article 134, UCMJ, guilty finding is proper. The error will be corrected by setting aside the finding of guilty as to Article 95, UCMJ.

We have considered the matters personally raised by the appellant pursuant to *Grostefon*, 12 M.J. at 431, and find that they lack merit.

The finding of guilty of Charge III that finds a violation of Article 95, UCMJ, is set aside and dismissed. The findings of guilty of Charge III and its specification that find a violation of Article 134, UCMJ, are affirmed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record of trial, and applying the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the sentence is affirmed.

Judge TRANT and Judge CARTER concur.

---

3. The punishment for an offense not listed in MCM, 1995, Part IV, is the maximum punishment of its "closely related" listed offense. R.C.M. 1003(c)(1)(B)(i).