UNITED STATES

v.

**Airman Basic Daniel G. JAMES,
United States Air Force.**

ACM 35275.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 7 June 2002.

24 Jan. 2005.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Terry L. McElyea, and Captain L. Martin Powell.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Robert V. Combs, and Major Shannon J. Kennedy.

Before ORR, MOODY, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

MOODY, Judge:

The appellant was convicted, contrary to his pleas, of two specifications of indecent acts with a female under 16 years of age, in violation of Article 134, UCMJ, 10 U.S.C. § 934. A general court-martial sentenced the appellant to a bad-conduct discharge and confinement for 4 months. The convening authority approved the adjudged sentence. The appellant has submitted three assignments of error: (1) whether the military judge erred in admitting propensity evidence pursuant to Mil. R. Evid. 414; (2) whether the evidence is legally and factually insufficient to sustain the convictions of indecent acts; and (3) whether the trial counsel made an improper findings argument. Having carefully considered issues (2) and (3), we find them to be without merit. *United States v. Matias,* 25 M.J. 356, 361 (C.M.A. 1987). We address the remaining issue below. Finding no error, we affirm.

*Background*

The appellant was a 20–year–old single airman who worked as a youth leader at the

Base Chapel at Offutt Air Force Base, Nebraska. In that capacity, he met the victim, MC, with whom he developed a romantic relationship. MC was 15 years old when the two met. This relationship consisted of sexual activity, to include French kissing and the fondling and kissing of MC's breasts. It also included what MC described at trial as "clothes sex," in which the two remained clothed while rubbing their genital areas against each other. These offenses occurred on 17 June 2001 and 7 July 2001 and formed the basis of the charge and specifications.

During trial on the merits, the military judge permitted another victim, SB, to testify as to sexual activity between her and the appellant. The military judge overruled the defense objection to this evidence and admitted her testimony pursuant to Mil. R. Evid. 414. SB was also a member of the chapel youth group and was 15 years old at the time of the sexual activity with the appellant. She testified, in part, as follows:

Q [Trial Counsel]: [SB], was there ever a time when the accused's penis touched your vagina?

A: Yes.

Q: When was that?

A: That was last summer.

Q: How many times?

A: Three.

. . . .

Q [Court Member]: Do you have a little bit definer [sic] date when that took place?

A: Yes ... It was July 16th, July 23rd and August 2nd.

. . . .

Q [Court President]: I had a question concerning the three incidents, if they involved general contact with clothing on or with clothing off.

A: [H]is shorts were halfway but my clothes were still on.

These incidents occurred shortly after those that form the basis of the specifications.

### Propensity Evidence

■ We review a military judge's decision to admit propensity evidence for an abuse of discretion. *United States v. Bailey,* 55 M.J.

38, 41 (C.A.A.F.2001); *United States v. Dewrell,* 55 M.J. 131, 136 (C.A.A.F.2001). When a military judge performs Mil. R. Evid. 403 balancing on the record, his or her ruling will not be overturned unless there is a "clear abuse of discretion." *United States v. Ruppel,* 49 M.J. 247, 250 (C.A.A.F.1998). We review the military judge's findings of fact according to a "clearly erroneous" standard. *United States v. Springer,* 58 M.J. 164, 167 (C.A.A.F.2003); *United States v. Burris,* 21 M.J. 140, 144 (C.M.A.1985).

Mil. R. Evid. 414(a) provides for the admission of similar crime evidence in child molestation cases:

In a court-martial in which the accused is charged with an offense of child molestation, evidence of the accused's commission of one or more offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant.

Such matters include "the defendant's propensity to commit ... child molestation offenses, and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense." 140 Cong. Rec. S. 12990 (1994).

In *United States v. Wright,* 53 M.J. 476 (C.A.A.F.2000), our superior court addressed the constitutionality of Mil. R. Evid. 413. The case provides a three-part analysis for determining the admissibility of propensity evidence in *sexual assault* cases under Mil. R. Evid. 413. Even though *Wright* addresses Mil. R. Evid. 413, it is nonetheless applicable to propensity evidence in *child molestation* cases offered pursuant to Mil. R. Evid 414. *United States v. Henley,* 53 M.J. 488, 490 (C.A.A.F.2000). The three threshold findings are whether:

1. The accused is charged with an offense of sexual assault or child molestation—Mil. R. Evid. 413(a) [or Mil. R. Evid. 414(a)];

2. "[T]he evidence proffered is 'evidence of the defendant's commission of another offense of ... sexual assault [or child molestation]' "; and

3. The evidence is relevant under Rules 401 and 402.

*Wright,* 53 M.J. at 482.

In addition to these three threshold findings, however, a military judge must also evaluate the proffered evidence under Mil. R. Evid. 403. A military judge must consider several nonexclusive factors in performing the required balancing of probative value and prejudicial effect. These include:

- strength of proof of the prior act—conviction versus gossip
- probative weight of the evidence
- potential for less prejudicial evidence
- distraction of the factfinder
- time needed for proof of prior conduct
- temporal proximity
- frequency of the acts
- presence or lack of intervening circumstances
- relationship between the parties

*Wright,* 53 M.J. at 482.

■ However, before applying the *Wright* analysis to the case at hand, we must first address whether the propensity evidence should have been suppressed because it occurred subsequent to the charged offenses. We turn to the language of Mil. R. Evid. 414, which contains no language limiting propensity evidence to prior acts.

The appellant refers to both legislative history and scholarly commentary in support of the view that only prior acts are admissible under Mil. R. Evid. 413 and 414. However, "The preeminent canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" *BedRoc Ltd., LLC v. United States,* 541 U.S. 176, 124 S.Ct. 1587, 1593, 158 L.Ed.2d 338 (2004) (quoting *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct.

1146, 117 L.Ed.2d 391 (1992)). "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

The Ninth Circuit Court of Appeals has explicitly declined to delve into the legislative history of Fed.R.Evid. 413,[1] holding that the rule on its face does not preclude the admission of subsequent acts of propensity evidence. *United States v. Sioux,* 362 F.3d 1241 (9th Cir.2004). We further note that in *Wright* our superior court upheld the admission of an uncharged instance of indecent assault which occurred approximately six months after the charged offense. Nowhere in the majority opinion is there a suggestion that the subsequent nature of the propensity evidence is a barrier to admission, despite Judge Gierke's dissenting opinion that only prior offenses fall within the scope of the rules. *Wright,* 53 M.J. at 486–87. We conclude that the majority considered Judge Gierke's concerns but did not adopt them.[2]

For purposes of comparison, we further note that subsequent acts of uncharged misconduct are admissible under Mil. R. Evid. 404(b) and its federal counterpart. *See United States v. Hill,* 13 M.J. 948 (A.F.C.M.R. 1982); *United States v. Beechum,* 582 F.2d 898, 903 n. 1 (5th Cir.1978) ("The principles governing extrinsic offense evidence are the same whether that offense occurs before or after the offense charged."). *See also United States v. Olivo,* 69 F.3d 1057, 1063 (10th Cir.1995) ("Rule 404(b) does not specifically exclude acts subsequent to the incident or incidents giving rise to the charges in the indictment."). Based upon this authority, we find no reason to treat Mil. R. Evid. 414 differently.

We conclude that the clear language of Mil. R. Evid. 414 does not limit the admission

---

1. The Military rule and the Federal rule are virtually the same.

2. Although we are not basing our decision on the legislative history of the Federal Rules of Evidence because we find the rule clear on its face, Congress's intent was to ease restrictions on the admission of other acts in sexual assault and child molestation cases. *See* 140 Cong. Rec. S.

12990. In child molestation cases, there is a "compelling public interest in admitting all significant evidence that will shed some light on the credibility of the charge and any denial by the defense." *Id.* We find nothing in the Analysis to the Military Rules of Evidence that would compel a different approach to the application of these rules in courts-martial.

of other incidents of child molestation to those occurring before the charged offenses. Therefore, the fact that propensity evidence occurs after the dates of the charged offenses is not a barrier to its admission.

■ Having concluded that post-offense misconduct is within the ambit of Mil. R. Evid. 414, we turn next to our substantive analysis of the admissibility of the uncharged misconduct. Regarding the threshold findings described in *Wright*, we conclude that SB's testimony constitutes evidence of child molestation offenses similar to those charged. Considering this evidence in light of Mil. R. Evid. 401 and 402, we conclude that it establishes a probability that the appellant has a propensity to engage in child molestation as defined by Mil. R. Evid. 414, and therefore, it is logically relevant to the question of guilt.

Finally, we note that, in ruling on the trial defense counsel's objection to SB's testimony, the military judge permitted both sides to argue whether the evidence was unfairly prejudicial under Mil. R. Evid. 403. We are satisfied that he properly considered the factors described in *Wright*. Turning to them ourselves, we find that the evidence of the acts involving SB is convincing, that the evidence was not of a nature to distract the members, nor did it require an excessive amount of time to present. We find that the offenses with SB happened in close temporal proximity to the charged offenses (within a few weeks); and that the relationship between the appellant and both victims was very similar. We conclude that the propensity evidence was not unfairly prejudicial. We hold, therefore, that the military judge did not abuse his discretion in admitting SB's testimony.

### Conclusion

The approved findings and the sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.