UNITED STATES, Appellee

v.

Daniel G. JAMES, Airman Basic
U.S. Air Force, Appellant

No. 05-0374

Crim. App. No. 35275

United States Court of Appeals for the Armed Forces

Argued December 7, 2005

Decided June 20, 2006

GIERKE, C.J., delivered the opinion of the Court, in which
CRAWFORD, EFFRON, BAKER, and ERDMANN, JJ., joined

Counsel

For Appellant:  Captain John S. Fredland (argued); Colonel
Carlos L. McDade, Lieutenant Colonel Mark R. Strickland, Major
L. Martin Powell, Major Sandra K. Whittington, and Captain
Christopher S. Morgan (on brief).

For Appellee:  Major Matthew S. Ward (argued); Lieutenant
Colonel Robert V. Combs, Lieutenant Colonel Gary F. Spencer, and
Major Heather L. Mazzeno (on brief).

Military Judge:  Gregory E. Pavlik

**This opinion is subject to revision before final publication.**

Chief Judge GIERKE delivered the opinion of the Court.

Here we unanimously decide a question that was left unresolved in United States v. Wright,[1] namely whether there is a temporal limitation on the admissibility of specific uncharged sexual misconduct.[2] More specifically, in the present case we address whether Military Rule of Evidence (M.R.E.) 414 authorizes admission of Appellant's child molestation offenses committed after the charged offenses of child molestation. We conclude that the propensity evidence addressed in M.R.E. 414 is admissible for offenses committed both before and after the charged offenses, if it is otherwise relevant and admissible under M.R.E. 401, M.R.E. 402, and M.R.E. 403.

Appellant, at the time of the offenses charged, was a twenty-year-old airman basic assigned to Offutt Air Force Base, Nebraska. He was serving as an advisor to a church youth group and met MC, a fifteen-year-old female member of the youth group.

---

[1] 53 M.J. 476 (2000) (addressing this issue in the context of M.R.E. 413).

[2] This Court granted review of the following issue:

> I. WHETHER THE MILITARY JUDGE WHEN HE ADMITTED EVIDENCE THAT APPELLANT ENGAGED IN SEXUAL ACTS WITH ANOTHER FEMALE UNDER THE AGE OF 16 WHERE (A) THE ALLEGED ACTS OCCURRED SUBSEQUENT TO THE CHARGED ACTS, AND (B) THE EVIDENCE ADMITTED WAS OF SUCH AN UNFAIRLY PREJUDICIAL NATURE AS TO CONTRIBUTE TO THE MEMBERS ARRIVING AT A VERDICT ON AN IMPROPER BASIS.

United States v. James, 61 M.J. 480 (C.A.A.F. 2005).

The original casual friendship between Appellant and MC developed into a dating relationship where they hugged, held hands, and kissed.  On June 17, 2001, the hugging and kissing developed further.  They were in a bedroom at a friend's house and began to kiss.  At some point, MC removed her shirt and bra, and Appellant kissed and touched her breasts.  At Appellant's suggestion, they then engaged in "clothes sex" whereby they rubbed their genital areas against each other while their clothes remained on.  The "clothes sex" lasted for about two minutes.  On July 7, 2001, a virtually identical encounter occurred at a different friend's house.  These two incidents resulted in the referral of two charges of engaging in indecent acts with a female under the age of sixteen.

At trial, over defense objection, the Government sought to introduce evidence of a civilian conviction for attempted first degree sexual assault of a child, a class III felony in the state of Nebraska.  The defense objection was based on the fact that the conduct that was the subject of the Nebraska conviction occurred between July 15, 2001, and August 4, 2001, after the conduct charged at Appellant's court-martial.  The defense contended that M.R.E. 414, which permitted the admission of sexual misconduct with a child, in a prosecution for sexual misconduct with a child, dealt only with the admission of prior acts.

The Government argued that the plain language of the rule places no time restrictions on the admission of similar acts of misconduct and that the conviction in question was particularly relevant because it involved another minor female who met Appellant as a result of his work with the church youth group.

A comprehensive discussion of the issue consumes sixty pages of the record.  The military judge ruled that he would not allow the Government to introduce evidence of the conviction because of the balancing he did pursuant to M.R.E. 403.  But the military judge did allow the testimony of SB, the victim in that case, provided her testimony about Appellant's sexual misconduct did not mention any lack of consent on her part.  Again, the military judge's ruling was rooted in a M.R.E. 403 analysis.  He concluded that lack of consent was not alleged in the present case and that evidence regarding lack of consent with regard to the other offenses would be more prejudicial than probative.

The trial proceeded on the merits, and the Government did call SB, the victim in the civilian case.  The trial counsel limited direct examination to the traditional introductory questions and the fact that she met Appellant through the youth group.  The trial counsel, complying with the limitations placed by the military judge on SB's testimony, restricted his questioning regarding Appellant's behavior to the following:

Q. [SB], was there ever a time when the accused's penis touched your vagina?

A. Yes.

Q. When was that?

A. That was last summer.

Q. How many times?

A. Three.

TC: No further questions . . . .

The defense did not cross-examine her, but the military judge asked her two questions presented by the members. Her first response explained the three dates of Appellant's sexual misconduct as being July 16, July 23, and August 2. In her second response, she explained that her clothes were on and his shorts were "halfway."

During his instructions on findings, the military judge informed the members regarding the testimony of SB:

> In this case there's been evidence presented regarding improper sexual contact between the accused and [SB]. This does not mean that the accused is guilty of the charges of indecent acts with [MC] to which he had pled not guilty. You may give such evidence no weight or such weight as you think it is entitled to receive. This evidence is being received for a limited purpose only.

The general court-martial panel of officers convicted Appellant as charged and sentenced him to confinement for four months and a bad-conduct discharge. The convening authority and

the Air Force Court of Criminal Appeals approved the findings and sentence.[3]

We now examine the question of the admissibility of Appellant's sexual misconduct with SB in his trial alleging similar behavior with MC.

## I.  Adoption of M.R.E. 413 and M.R.E. 414

The admissibility of uncharged misconduct has been one of the most litigated issues in the Federal Rules of Evidence. Prior to 1996, the admissibility of evidence of uncharged misconduct in the military justice system was severely restricted by M.R.E. 404(b) and the judicial application of the rule.  The general rule was that, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."[4]  The rule allowed evidence of bad acts to be admitted for limited purposes,[5] but the basic evidentiary rule excluded bad acts solely to show bad character and a propensity to act in conformance with that bad character.

In 1996, this rule against the admissibility of bad acts to prove a propensity to commit similar acts was turned upside down in cases involving violent sexual behavior or sexual offenses

---

[3] United States v. James, 60 M.J. 870, 873 (A.F. Ct. Crim App. 2005).

[4] M.R.E. 404(b).

[5] For example, the rule permits the admission of specific acts to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Id.

involving minors.  Congress, as a part of the Violent Crime

Control and Enforcement Act of 1994, enacted Fed. R. Evid. 413

and Fed. R. Evid. 414.[6]  These rules became applicable to

military practice in 1996, and were formally adopted as M.R.E.

413 and M.R.E. 414 in a 1998 amendment to the Manual for Courts-

Martial (MCM).[7]

These rules stated that in cases of sexual assault or

sexual misconduct with a child, evidence of the commission of

similar offenses, "is admissible and may be considered for its

bearing on any matter to which it is relevant."[8]  No exceptions

are listed in the rules.  So, the law of evidence entered

uncharted territory.  We moved from a body of law that generally

prohibited the admissibility of uncharged misconduct to prove a

propensity to act in a similar fashion to a body of law which,

in the case of certain sex offenses, allowed the admissibility

of similar sexual misconduct to show propensity.  Consequently,

we went from a relatively strong preference against

admissibility of uncharged misconduct generally in M.R.E. 404(a)

to an exceptionally strong preference in favor of admitting

---

[6] Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 320935, 108 Stat. 1796, 2135-37.

[7] Fed. R. Evid. 413 and Fed. R. Evid. 414 became a part of the M.R.E. eighteen months after they were enacted.  See M.R.E. 1102(a).  They were formally included in the MCM in a 1998 amendment to the M.R.E.  See MCM, Historical Executive Orders app. 25 at A25-40 to A25-42 (2005 ed.).

[8] M.R.E. 413(a); M.R.E. 414(a).

propensity evidence in the cases involving specific sexual misconduct in M.R.E. 413 and M.R.E. 414.

Although evidentiary scholars and experts were not unanimously enthusiastic in their support of the changes,[9] the clear intent of Congress was to create rules that the courts "must liberally construe" so that factfinders could accurately assess a defendant's criminal propensities and probabilities.[10] In Wright, we addressed the constitutional concerns regarding the rules and upheld the admissibility of this type of propensity evidence.[11] Our conclusion in Wright is consistent with the decisions of other appellate courts addressing the constitutionality of Fed. R. Evid. 413 and Fed. R. Evid. 414.[12]

In light of the common history and similar purpose of M.R.E. 413 and M.R.E. 414, there is no need to distinguish the two rules for the purpose of our discussion of the granted issue.

II.  The Application of the Rules to Subsequent Acts

Although the constitutionality of M.R.E. 413 and M.R.E. 414 is resolved, Appellant raises a less settled question:  Does the new preference in favor of the admissibility of bad acts in

---

[9] See 1 Steven A. Saltzburg, Lee D. Schinasi & David A. Schlueter, Military Rules of Evidence Manual § 414.02, at 4-212 n.240 (5th ed. 2003).

[10] Id. at 4-212-13 (quoting the floor statement of Rep. Susan Molinari).

[11] 53 M.J. at 481-82.

[12] See id. at 482 (providing a list of cases from the federal circuits upholding Fed. R. Evid. 413 and/or Fed. R. Evid. 414).

cases alleging sexual assault or child molestation apply only to behavior taking place prior to the misconduct alleged in the case being tried? The court-martial charges against Appellant related to alleged misconduct on June 17, 2001, and July 7, 2001. The prosecution evidence offered under M.R.E. 414 took place between July 15, 2001, and August 4, 2001, after the charged offenses. Appellant asserts that his misconduct after the charged offenses is not admissible under M.R.E. 414.

Although the issue confronting this Court is not specifically addressed in the legislative history, the historical discussion regarding Fed. R. Evid. 413 and Fed. R. Evid. 414 speaks in terms of "past similar transgressions" or "past sexual offenses."[13] Indeed, a Senate cosponsor of the legislation spoke on the floor of the Senate about the rules "establishing a general presumption that evidence of past similar offenses . . . is admissible at trial."[14] A similar statement by the primary House of Representatives sponsor of the legislation focuses on prior crimes.[15] The Drafters' Analysis to the 1998 amendment to the MCM states that M.R.E. 413 and M.R.E. 414 are "intended to provide for more liberal admissibility of character evidence in criminal cases" involving child

---

[13] Wright, 53 M.J. at 486 (Gierke, J., concurring in part and dissenting in part).
[14] 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Robert Dole).
[15] 140 Cong. Rec. H8968, at 8991-92 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari).

molestation and sexual assault "where the accused has committed a prior act" of sexual assault or child molestation.[16] Although the historical discussion speaks in terms of past acts it does not expressly exclude any acts occurring prior to trial. There is therefore no express conflict between the legislation and the legislative history. The actual language of the rules does not use the "prior" or "past" language, but talks instead of "evidence of the accused's commission of one or more offenses."[17]

In Wright, the majority of the Court did not expressly address the question of the admissibility of prior versus subsequent misconduct. Appellant's case has provided this Court with the opportunity to look at the developments in the law in the intervening five years, and today we unanimously conclude that, as long as appropriate safeguards are applied, M.R.E. 413 and M.R.E. 414 are not limited to evidence of behavior taking place prior to that charged. We reach that conclusion for several reasons: (a) the plain language of the rules, (b) a logical application of long-standing principles of relevance, (c) a persuasive opinion by the only federal circuit court to have addressed the issue, and (d) the existence of the protections of M.R.E. 403 that were meticulously applied by the military judge in this case.

---

[16] MCM, Analysis of the Military Rules of Evidence app. 22 at A22-36 to A22-37 (2005 ed.).
[17] M.R.E. 413; M.R.E. 414.

## A.   The Language of the Rules

A fundamental rule of statutory interpretation is that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there."[18] Accordingly, the plain language of M.R.E. 413 and M.R.E. 414 regarding any temporal limitation on the admissibility of evidence is the most probative method of interpreting those rules.  The rules simply discuss "one or more offenses" with absolutely no mention of when the offense(s) might have occurred.

## B.   Logical Relevance

Relevant evidence is that which has a tendency to make a fact more or less probable.[19]  Relevancy has two components:  (1) probative value, the relationship between the evidence and the proposition it is offered to prove; and (2) materiality, the relationship between the proposition the evidence is offered to prove and the facts at issue in the case.[20]

Congress, in enacting Fed. R. Evid. 413 and Fed. R. Evid. 414, and the President in adopting similar military rules, have decided that evidence of other acts of sexual misconduct is admissible to show a propensity to engage in that type of sexual

---

[18] Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992).
[19] M.R.E. 401.
[20] See id.  See also Military Rules of Evidence Manual § 401.02[2].

misconduct.  So-called "propensity" evidence is therefore relevant in cases of sexual assault or child sexual molestation. We can find no reason to conclude that prior misconduct is probative and subsequent misconduct is not.  It is the fact of the other act that makes it probative, not whether it happened before or after the act now charged.  The rules of relevance therefore do not require a temporal limitation on the application of M.R.E. 413 and M.R.E. 414.  In the application of the M.R.E. 403 balancing discussed in subsection D, infra, temporal factors may be important.  People certainly do change over time and the fact that someone acts in a particular manner does not mean that they have always acted in that manner, or for that matter that they always will.  The acts in this case took place within a matter of days, were similar in their sexual nature, were similar in the fact that the girls were the same age, and were similar in the fact that they met Appellant in the same church group where he was a counselor.  Accordingly, we hold that the relevance questions are easily answered in favor of the Government.

C.  Other Federal Case Law

In United States v. Sioux,[21] the United States Court of Appeals for the Ninth Circuit became the first and, so far, only federal circuit to examine this issue.  The logic and reasoning

---

[21] 362 F.3d 1241 (9th Cir. 2004).

12

of that opinion is sound and is consistent with our conclusions in this case.  In addition to concluding that the plain meaning of the rule places no temporal restrictions on the admissibility of other offenses, the Ninth Circuit opinion looks to a rather large body of law interpreting very similar language contained in Fed. R. Evid. 404(b) that discusses "evidence of other crimes."[22]  The opinion provides a list of federal circuits that have held that Fed. R. Evid. 404(b) applies to prior and subsequent bad acts and also points out that reference to these other crimes as "priors" is more a matter of customary usage than a term of art.[23]  In United States v. Young, a case involving Fed. R. Evid. 404(b), we joined the "prevailing federal practice," which did not limit "other" acts to "prior" acts.[24]  We now continue down that road and conclude that the "one or more offenses" language of M.R.E. 413 and M.R.E. 414 is no more temporally restrictive than the "other crimes" language of M.R.E. 404(b).

### D.  The Safeguards of M.R.E. 403

We remain mindful of the dangers inherent in admitting propensity evidence:  "'When jurors hear that a defendant has on [another] occasion[] committed essentially the same crime as

---

[22] Id. at 1246-47.

[23] Id. at 1246 (quoting Edward J. Imwinkelried, Uncharged Misconduct Evidence 2:12, at 2-75 (2003)).

[24] United States v. Young, 55 M.J. 193, 196 (C.A.A.F. 2001).

that for which he is on trial, the information unquestionably has a powerful and prejudicial impact . . . .'"[25]

M.R.E. 403 is designed specifically to address the unduly prejudicial impact of otherwise admissible evidence and gives military judges broad discretionary powers to ensure that the probative value of evidence is not outweighed by the danger of unfair prejudice.[26] The lead opinion and one of the separate opinions in Wright specifically noted that a careful M.R.E. 403 balancing was an essential ingredient of a constitutional application of the rule.[27] The importance of a careful balancing arises from the potential for undue prejudice that is inevitably present when dealing with propensity evidence.

In this case, the military judge was concerned about undue prejudice, was meticulous in his application of the balancing required by M.R.E. 403, and limited the scope of the admissible propensity evidence. Accordingly, SB's testimony about Appellant's behavior with her was very brief, and Appellant's conviction for that misconduct was not admitted. Because of the military judge's sensitivity to the potential for unfair prejudice, the attention of the members was properly focused on

---

[25] Id. at 196 n.2 (quoting United States v. Johnson, 27 F.3d 1186, 1193 (6th Cir. 1994)) (brackets in Young).
[26] United States v. Phillips, 52 M.J. 268, 272 (C.A.A.F. 2000).
[27] 53 M.J. at 482; see also 53 M.J. at 486 (Effron, J., concurring in part and in the result) (agreeing that the constitutionality of M.R.E. 413 may be sustained by applying the safeguards embodied in M.R.E. 403).

what Appellant allegedly did with MC.  The trial did not become sidetracked by a consideration of what Appellant might or might not have done, with SB.  We strongly suggest that military judges dealing with objections to propensity evidence proffered under M.R.E. 413 or M.R.E. 414 make a record of their application of M.R.E. 403.[28]

## Conclusion

We conclude that M.R.E. 414 is not limited to prior instances of child molestation.  We hold that the military judge did not abuse his discretion in ruling that the propensity evidence relating to Appellant's subsequent misconduct was admissible and not unfairly prejudicial.  We therefore affirm the decision of the United States Air Force Court of Criminal Appeals.

---

[28] See United States v. Guardia, 135 F.3d 1326, 1331 (10th Cir. 1998).