BAKER, Judge
(concurring in the result):
The majority concludes that prior acts of child molestation under Military Rule of Evidence (M.R.E.) 414 are always relevant during sentencing under Rule for Courts-Martial (R.C.M.) 1001(b)(4) as evidence directly relating to the offense of which the accused has been found guilty. However, the majority skips an important analytic step. Although such evidence is presumptively ad *450 missible under M.R.E. 414, it must still be relevant to be admitted and considered.[1] M.R.E. 414 states: “In a court-martial in which the accused is charged with an offense of child molestation, evidence of the accused’s commission of one or more offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant.” (emphasis added). This requires a case-by-case determination that the evidence is relevant, as opposed to the blanket presumption adopted by the Court today.
Recently, in another case involving interpretation of M.R.E. 414, this Court reiterated the United States Supreme Court’s longstanding, fundamental rule of statutory interpretation “ ‘that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.’ ” United States v. James, 63 M.J. 217, 221 (C.A.A.F.2006) (quoting Connecticut Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)). The same rule applies here, albeit this time in a different context. M.R.E. 414 does not state that such evidence must be admitted. Rather, the rule states that such evidence “is admissible and may be considered for its bearing on any matter to which it is relevant.” M.R.E. 414 (emphasis added). As the legislative history suggests, the statement that such evidence is admissible is best understood in relation to the normal treatment of such evidence under M.R.E. 404(b) (and its civilian counterpart, Fed.R.Evid. 404(b)), in which it was normally excluded. As this Court noted in James, “[pjrior to 1996, the admissibility of evidence of uncharged misconduct in the military justice system was severely restricted by M.R.E. 404(b) and the judicial application of the rule.” 63 M.J. at 219. The Drafters’ Analysis of M.R.E. 414 states that the rule was “intended to provide for more liberal admissibility of character evidence in criminal cases of child molestation where the accused has committed a prior act of sexual assault or child molestation.” Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-37 (2005 ed.).
The requirement to determine that M.R.E. 414 evidence is both logically and legally relevant is borne out by this Court’s opinion in James. There, this Court held that uncharged misconduct under M.R.E. 414 was admissible regardless of whether it occurred before or after the charged offense so long as it was “otherwise relevant and admissible under M.R.E. 401, M.R.E. 402, and M.R.E. 403.” 63 M.J. at 218. Likewise, in United States v. Wright, this Court established the “three threshold findings” that are required before evidence can be admitted pursuant to M.R.E. 413 (or M.R.E. 414[2]), including a determination that “[tjhe evidence is relevant under Rules 401 and 402.” 53 M.J. 476, 482 (C.A.A.F.2000). Balancing under M.R.E. 403 is also required, although not until the three threshold findings have been satisfied. Id.
In the sentencing context, R.C.M. 1001(b)(4) provides the framework for determining whether M.R.E. 414 evidence is relevant. Under R.C.M. 1001(b)(4), “directly relating to” evidence must pertain to “any aggravating circumstances” including, but not limited to, “evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused____” Informed by M.R.E. 414’s presumption of admissibility, the phrase “directly relating to” is appropriately interpreted broadly.
In sum, although presumptively admissible under R.C.M. 1001(b)(4), evidence of uncharged sexual misconduct must be relevant. See M.R.E. 414; see also M.R.E. 413. We consider relevance in the sentencing context in light of this presumption of admissibility.
In this case, the uncharged misconduct with Appellant’s stepdaughter was, without question, “directly related to” his charged offense and therefore relevant because it involved the same family, the same time frame, and the same types of acts. See United *451 States v. Mullens, 29 M.J. 398, 400 (C.M.A.1990) (allowing evidence of uncharged sexual misconduct on more than one of the appellant’s children under R.C.M. 1001(b)(4) where those same children were also the object of similar charged offenses). Cf. United States v. Wingart, 27 M.J. 128, 136 (C.M.A.1988) (holding that photographs of a separate child victim in the appellant’s trial for indecent acts with a child were not properly admissible under R.C.M. 1001(b)(4)). Therefore, I concur in the result.

. As the text of M.R.E. 414 is clear, we need not refer to the legislative history to address the question presented.

. See James, 63 M.J. at 220 ("In light of the common history and similar purpose of M.R.E. 413 and M.R.E. 414, there is no need to distinguish the two rules for the purpose of our discussion of the granted issue.").