# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ROGER J. RAMIREZ**
**United States Army, Appellant**

ARMY 20160599

Headquarters, Fort Bliss
Michael J Hargis, Military Judge
Colonel Charles C. Poché, Staff Judge Advocate

For Appellant:  Captain Daniel C. Kim, JA; William E. Cassara, Esq. (on brief).

For Appellee:  Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

28 September 2018

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHASBERGER, Judge:

Staff Sergeant Roger J. Ramirez appeals his convictions of sexual assault, assault consummated by battery, and communicating a threat.  Appellant asserts the military judge erred by admitting evidence of *previously* charged misconduct for propensity purposes under Military Rule of Evidence [Mil. R. Evid.] 413.

To address appellant's claim, we must determine whether misconduct that was originally charged and later dismissed is admissible under Mil. R. Evid. 413.  For the reasons outlined below, we conclude the charged misconduct dismissed prior to the introduction of evidence on the merits was both admissible and properly admitted under Mil. R. Evid. 413.

RAMIREZ—ARMY 20160599

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of five specifications of sexual assault, three specifications of assault consummated by a battery, and one specification of communicating a threat, in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, and 934 (2006 & 2012) [UCMJ].[1]  The military judge sentenced appellant to a dishonorable discharge, confinement for nine years, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before us under Article 66, UCMJ.  Appellant raises three assignments of error, one of which merits discussion but no relief.[2]

---

[1] Appellant was originally charged with six specifications of violating Article 120, but the military judge merged Specifications 2 and 5 of Charge I and then dismissed the latter specification.  Appellant was also charged with two specifications of committing forcible sodomy in violation of Article 125, UCMJ.  The military judge dismissed one of these specifications after pleas but prior to the introduction of evidence on the merits.  The government moved to dismiss the other specification at the close of their case.

[2] Appellant also alleges: (1) ineffective assistance of counsel, and (2) insufficiency of the evidence.  Neither argument warrants relief.

First, to succeed on an ineffective assistance of counsel claim, an appellant must show that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance gives rise to a "reasonable probability" that the result of the proceeding would have been different without counsel's errors.  *United States v. Akbar*, 74 M.J. 364, 371 (C.A.A.F. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).  Upon reviewing the record of trial and affidavits submitted by trial defense counsel, we conclude that appellant did not establish deficient performance, much less prejudice.

Second, we find the evidence legally and factually sufficient.  Applying the test for legal sufficiency, after considering the evidence in the light most favorable to the prosecution, we conclude "a reasonable factfinder could have found all the essential elements beyond a reasonable doubt."  *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Further, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of the accused's guilt beyond a reasonable doubt.  *Turner*, 25 M.J. at 325.

2

## BACKGROUND

Appellant's trial began on 13 September 2016.  Prior to the entry of pleas, the trial counsel moved to amend the dates of one of the Article 125 offenses (Specification 2 of Charge II).  The military judge denied this motion, as he found it represented a substantial change.

After appellant entered a plea of not guilty to all charges and specifications, his defense counsel moved to dismiss three different specifications – Specifications 1 and 3 of Charge I and Specification 1 of Charge II – on the grounds that the charged dates were outside the statute of limitations period.  In Specifications 1 and 3 of Charge I, appellant was charged with sexually assaulting his wife AR on divers occasions between on or about 1 April 2009 and on or about 27 June 2012.[3]  In Specification 1 of Charge II, appellant was charged with a single act of forcible sodomy on or about 4 July 2010.

After hearing argument on the motion, the military judge found a five-year statute of limitations period applied to both charges.  Following this ruling, the government moved to amend these specifications to only include conduct within the statute of limitations period.  In granting the government's motion, the military judge amended the start date of Specifications 1 and 3 of Charge I to 26 April 2011. The military judge dismissed Specification 1 of Charge II, as it was wholly outside the five-year period.

Following these adjustments to the charges, the government requested the military judge allow AR to testify about the sexual offenses outside the statute of limitations.  The government's theory was this evidence was now uncharged misconduct and thus fell outside the scope of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), which held that evidence of a charged offense may not be admitted under Mil. R. Evid. 413 to show propensity to commit another charged offense.

In objecting to the admissibility of this evidence, the defense counsel stated, "We would argue that it is uncharged misconduct and that it would not meet the elements of [Mil. R. Evid.] 413 to come in."  At another point, the military judge told the defense, ". . . [I]t's not charged anymore.  You were successful in making it

---

[3] Specification 1 of Charge I alleged sexual assault by causing bodily harm. Specification 3 of Charge I alleged sexual assault when AR was substantially incapable of appraising the nature of the sexual acts, substantially incapable of declining participation in the sexual acts, and substantially incapable of communicating her unwillingness to engage in sexual acts.

uncharged," and the defense counsel responded, "Yes, that's what my argument is, Your Honor. It's uncharged misconduct."

The military judge then held a motions hearing to address the issue of whether the conduct at issue met the standards of *United States v. Wright*, 53 M.J. 476 (C.A.A.F. 2000) and *United States v. Berry*, 61 M.J. 91 (C.A.A.F. 2005).[4] After hearing argument from both parties, the military judge made findings of fact and conclusions of law related to *Berry* and *Wright*, and allowed the government to admit the evidence. The ruling extended to Specification 1 of Charge II and the then uncharged periods previously covered by Specifications 1 and 3 of Charge I.[5]

## LAW AND ANALYSIS

On appeal, appellant asserts for the first time that conduct which was on the charge sheet at preferral and referred to a court-martial does not "morph into uncharged misconduct" after being stricken from the charge sheet or dismissed.

---

[4] Under *Berry*, the military judge must apply a three-pronged test: (1) whether the accused is charged with an offense of sexual assault within the meaning of Mil. R. Evid. 413(a); (2) whether the proffered evidence is evidence that the accused committed another offense of sexual assault; and (3) whether the proffered evidence is relevant under Mil. R. Evid. 401 and 402. 61 M.J. at 95 (citing *Wright*, 53 M.J. at 482). If these requirements are met, the military judge must then apply the balancing test of Mil. R. Evid. 403 and consider the *Wright* factors. *Id.* The *Wright* factors are: the strength of the proof of the prior act; the probative weight of the evidence; the potential to present less prejudicial evidence; the possible distraction of the fact-finder; the time needed to prove the prior conduct; the temporal proximity of the prior event; the frequency of the acts; the presence of any intervening circumstances; and the relationship between the parties. 53 M.J. at 482.

[5] The military judge did not include the conduct of Specification 2 of Charge II in his ruling, as it was still charged at the time of the ruling. As appellant was deployed during the timeframe alleged in Specification 2 of Charge II, the government introduced no evidence during trial to support the specification. The government did introduce evidence of conduct similar to that of Specification 2 of Charge II. The government moved to dismiss Specification 2 of Charge II at the close of its case. The defense then asked the military judge to reconsider his Mil. R. Evid. 413 ruling. In response, the government asked the military judge to expand his ruling to include the conduct similar to the newly dismissed specification. The military judge reconsidered, did not expand his ruling, and said his prior ruling "stands." Although trial counsel referenced the conduct similar to Specification 2 of Charge II during closing argument, we conclude the military judge understood the limits of his own ruling and the matters he would consider under Mil. R. Evid. 413 on findings, which did not include this conduct.

4

Appellant additionally argues the use of such evidence will open the door for the government to survive its own failures to investigate or properly draft charges by taking advantage of the lower burden of proof necessary under Mil. R. Evid. 413.

We review a military judge's decision to admit evidence under Mil. R. Evid. 413 for an abuse of discretion. *United States v. Solomon,* 72 M.J. 176, 179 (C.A.A.F. 2013). A military judge abuses his discretion "if his application of the correct legal principles to the facts . . . is clearly unreasonable." *United States v. Williams*, 37 M.J. 352, 356 (C.M.A. 1993).

In this case, the military judge concluded the charged misconduct that was dismissed prior to the introduction of evidence on the merits was no longer charged misconduct. This conclusion was not challenged by the defense at trial, and the defense counsel even explicitly argued the offenses represented "uncharged misconduct." Thus, appellant appears to have potentially waived or forfeited this issue. However, under any standard, we find no error by the military judge.

Mil. R. Evid. 413 serves to allow the military judge to admit evidence that the accused committed "any *other* sexual offense." Mil. R. Evid. 413(a) (emphasis added). "This includes using evidence of either a prior sexual assault conviction or *uncharged* sexual assaults." *Hills*, 75 M.J. at 354 (citing *United States v. James*, 63 M.J. 217, 220-22 (C.A.A.F. 2006)) (emphasis added). Therefore, the plain language of Mil. R. Evid. 413 would allow dismissed sexual offenses to fall under the category of "other sexual offense" and, assuming all the other requirements under Mil. R. Evid. 413 are met, the underlying misconduct for the dismissed charges would be admissible.

In the present case, the military judge amended two specifications and dismissed a third specification prior to the entry of any evidence. After the government sought to use the misconduct underlying these specifications as propensity evidence under Mil. R. Evid. 413, the military judge held a hearing on the issue. After providing a thorough analysis of the applicable law and making findings of fact and conclusions of law, the military judge allowed the government to introduce evidence of other sexual offenses related to previously charged misconduct. We find the trial judge's application of the facts to the correct legal principles was reasonable and he therefore did not abuse his discretion.

## CONCLUSION

Upon consideration of the entire record, the findings and sentence as adjudged and approved by the convening authority are AFFIRMED.

Senior Judge BURTON and Judge HAGLER concur.

RAMIREZ—ARMY 20160599



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court