# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JOSHUA D. HALL**
**United States Army, Appellant**

ARMY 20180307

Headquarters, 82d Airborne Division
Fansu Ku, Military Judge
Colonel Travis L. Rogers, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Alexander N. Hess, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Captain Anthony A. Contrada, JA (on brief).

20 February 2020

---------------------------------------
MEMORANDUM OPINION
---------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

RODRIGUEZ, Judge:

Appellant argues the military judge erred by admitting evidence under Military Rules of Evidence [Mil. R. Evid.] 404(b) and 403.[1] For the reasons set forth below, we disagree.[2]

---

[1] A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice [UCMJ]; 10 U.S.C. § 920b. The military judge sentenced appellant to a bad-conduct discharge, forty-eight months of confinement, and reduction to the grade of E-1. The convening authority approved

(continued . . .)

## BACKGROUND

Perhaps appellant would have never faced the consequences of his sexual abuse of a child had he not chosen to engage in a frank conversation with his barracks roommate, then-Private First Class (PFC) NL. During this conversation, NL, who worked with appellant and considered him his friend, heard appellant state he "molested" his foster sister when he was twelve years-old. Later in the same conversation, NL heard appellant say that approximately two years earlier, in 2014, he also "molested" his ex-girlfriend's eight year-old daughter.

Startled and troubled by appellant's comments, NL eventually spoke with his platoon sergeant about appellant's statements. The platoon sergeant reported the matter to the command. A few months later, a law enforcement investigation led to the identification of Sergeant (SGT) JW as appellant's ex-girlfriend in 2014, and her daughter, JW, as the victim of appellant's sexual abuse. The investigation further revealed that appellant also told SGT JW and another of his friends, Specialist (SPC) RS, that he molested his foster sister when he was a child. Appellant was

---

(. . . continued)
the findings and sentence as adjudged. Appellant's case is now pending review before this Court pursuant to Article 66, UMCJ.

[2] Appellant also raised as an assignment of error that he was denied his due process right to speedy post-trial review by a post-trial delay of 218 days. We considered the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530-34 (1972), and find appellant has not satisfied the fourth prong of demonstrating prejudice. Accordingly we grant no relief.

We have also given full and fair consideration to the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

We briefly note that one of appellant's *Grostefon* matters alleges his trial defense counsel were ineffective because they failed to present evidence of appellant's alibi for the time period in which he was alleged to have sexually abused the child victim. After reviewing the entire record of trial, we find appellant has failed to establish that his trial defense counsel's conduct was deficient or that he was prejudiced by the claimed deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find appellant's claimed alibi not credible and counsels' decision not to present it fits within the wide range of reasonable professional assistance. *See, e.g., United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687).

subsequently charged with sexually abusing JW by touching her genitalia with his fingers.

*Pre-trial Military Rule of Evidence 404(b) Ruling*

Prior to trial, the government provided the defense with notice of its intent to admit appellant's statements under Mil. R. Evid 404(b).[3] The military judge ruled the evidence was inadmissible under Mil. R. Evid. 404(b) due to insufficient evidence about the alleged molestation of appellant's foster sister, such as what acts constituted the alleged molestation, the foster sister's identity, or when and where the alleged molestation occurred.

On the eve of trial, the government requested the military judge reconsider her prior ruling.[4] The government argued appellant's comments about molesting his foster sister lent "credence to [appellant's] intent" in abusing JW, and appellant's "consciousness of guilt at the time that he was associating his behavior with [JW] with what he did to his foster sister." The government also argued, given the defense's "intent to attack" NL as an unreliable witness who was unable to "perceive reality due to mental health issues," that the evidence of the disclosure of appellant's comments about molesting his foster sister "to other witnesses" could be used to negate "any inference that [NL] was mistaken in his understanding" about what he heard appellant say.

The military judge, again, rejected the government's efforts to introduce appellant's statements about molesting his foster sister under Mil. R. Evid. 404(b). However, the military judge issued a conditional ruling holding the evidence that

---

[3] Pursuant to Mil. R. Evid. 404(b), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* This list of potential Mil. R. Evid. 404(b) non-propensity purposes "is illustrative, not exhaustive." *United States v. Ferguson*, 28 M.J. 104, 108 (C.M.A. 1989).

[4] The government also sought to introduce this evidence under Mil. R. Evid. 414, which provides that, "In a court-martial proceeding in which an accused is charged with an act of child molestation, the military judge may admit evidence that the accused committed any other offense of child molestation. The evidence may be considered on any matter to which it is relevant." The military judge denied this motion for the similar reasons as provided in her Mil. R. Evid. 404(b) ruling.

appellant made these comments to other witnesses could potentially be admitted for the limited purpose of rehabilitating NL's credibility contingent on the defense attacking NL's lack of perception of reality, which caused him to mishear appellant's statements. In her written ruling, the military judge stated "[a]ny such evidence *will only be considered for the sole purpose of supporting [NL's] credibility* during merits regarding his conversation with [appellant] and what he heard. This Court *will not* consider the evidence for any other purpose." (emphasis added). The Defense did not object to the military judge's new ruling allowing the government to introduce the evidence contingent upon the defense "open[ing] the door."

### Cross-Examination of NL at Trial

At trial, NL testified appellant told him that two years earlier he had molested the daughter of his then-girlfriend. During cross-examination of NL, the defense elicited testimony from NL that the day this conversation occurred was an "emotional" day for him because of an incident at the range, and that he was later separated from the Army for medical reasons related to what occurred at the range. NL admitted he saw "some folks for a while" to get "inpatient" help. NL stated that his conversation with appellant "didn't make sense," and he was "confused" about what he heard from appellant.

At the conclusion of NL's cross-examination, the government argued the defense had "opened the door" regarding NL's "perception" by mentioning "that [NL] saw folks and that he was confused given the circumstances," and "he had medical issues" for which he was discharged. The defense replied that defense's questions were narrow in scope and had not inquired about a "long-term condition that would affect [NL's] memory." The military judge disagreed with defense counsel, ruling as follows:

> Well, Defense, I did tell you that if you . . . questioned about in terms of [NL's] emotional stability, that door will be opened, but I also mentioned that the only – I'm limiting it – it's very limited in how I'm considering that information. *It's only to support [NL's] credibility.*

(emphasis added).

The military judge then permitted the government to elicit from NL testimony concerning appellant's comment to NL that he molested his foster sister. After NL testified, the government elicited similar testimony from SGT JW and SPC RS, for the same limited purpose.

4

## LAW AND DISCUSSION

### A. *Military Rule of Evidence 404(b)*

Appellant argues the military judge erred in admitting his statement that he molested his foster sister under Mil. R. Evid. 404(b). Further, appellant argues the military judge erred in failing to sufficiently conduct a Mil. R. Evid. 403 balancing test under *United States v. Reynolds*, 29 M.J. 105 (C.M.A. 1989), and thus, we should accord her evidentiary ruling less deference than we otherwise would. *See United States v. Berry*, 61 M.J. 91, 96 (C.A.A.F. 2005). Appellant states that the "highly prejudicial nature of [appellant's statement he molested his foster sister] far outweighed any probative value regarding [NL's] credibility," and the government "cannot show that the erroneous admission of this highly prejudicial evidence was harmless." We disagree and find the military judge did not err, and even presuming error, appellant was not prejudiced.

This court reviews a military judge's ruling to admit evidence for abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010) (citation omitted). Our Superior Court, in *Reynolds*, established a three-part test for the admissibility of Mil. R. Evid. 404(b) evidence. 29 M.J. at 109. Other crimes, wrongs, or acts may be admitted if the evidence: (1) reasonably supports a finding that appellant committed prior crimes, wrongs or acts; (2) makes a fact of consequence more or less probable; and (3) possesses probative value that is not substantially outweighed by the danger of unfair prejudice. *Id.* (citations and quotation marks omitted). "Where a military judge properly conducts the balancing test under Mil. R. Evid. 403, we will not overturn his decision unless there is a clear abuse of discretion." *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998) (citations omitted).

Our review of the record reveals that the military judge did not admit appellant's statements that he molested his foster sister into evidence under Mil. R. Evid. 404(b). Using a baseball analogy, the government did not even make it to first or second base in its evidentiary proffer under Mil. R. Evid. 404(b), much less third base, to cause need for the military judge to conduct a full analysis under *Reynolds*. The military judge's written ruling deeming this evidence inadmissible under Mil. R. Evid. 404(b) is clear on this point:

> "While the government proffered several non-propensity purposes under [Mil. R. Evid.] 404(b), there is (sic) still no facts about what the "molestation" is. Without facts about what [appellant] actually did to/with his unnamed foster sister, this court cannot determine whether those acts make his alleged acts against [JW] more or less

probable because this court does not know what the
uncharged crime, wrong, or act is."

Accordingly, the military judge was not required to conduct a Mil. R. Evid. 403 balancing test under the third prong of *Reynolds* because she found that the government's proffer of this evidence for non-propensity purposes under Mil. R. Evid. 404(b) failed to satisfy the first two *Reynolds* prongs.

Although not allowing the evidence under Mil. R. Evid. 404(b), the military judge ruled it was admissible for the narrow, non-substantive purpose of permitting the government to rehabilitate NL's credibility, depending on the defense's tactics at trial. *See generally* Mil. R. Evid. 105 (evidence can be admitted for one purpose and not another). Thus, the correct lens through which to analyze the military judge's evidentiary ruling is contained in Mil. R. Evid. 401, not Mil. R. Evid. 404(b). *See, e.g., United States v. Baumann*, 54 M.J. 100, 104 (C.A.A.F. 2000) (holding Mil. R. Evid. 404(b) not applicable when the evidence of appellant's uncharged misconduct was ultimately offered to show the credibility of a witness).

## B. Military Rule of Evidence 401

Turning to Mil. R. Evid. 401, evidence must be logically relevant to a fact of consequence in the case by making that fact "more probable or less probable." *United States v. Staton*, 69 M.J. 228, 230-31 (C.A.A.F. 2010). "Relevancy has two components: (1) probative value, the relationship between the evidence and the proposition it is offered to prove; and (2) materiality, the relationship between the proposition the evidence is offered to prove and the facts at issue in the case." *United States v. James*, 63 M.J. 217, 221 (C.A.A.F. 2006). Although the relevance standard is a low one, there must be "a real and direct nexus" between the proffered evidence and a fact or issue in the case. *United States v. Sullivan*, 70 M.J. 110, 115 (C.A.A.F. 2011).

Analyzing the challenged testimony under Mil. R. Evid. 401, we find that NL's ability to perceive reality and reliably relay what he heard appellant say to him about molesting his ex-girlfriend's daughter was of material importance and at issue in this case. Once defense attacked NL's lack of perception, appellant's statement to NL that he also molested his foster sister became logically relevant because it tended to corroborate NL's credibility. If other witnesses, at different times, also heard appellant say that he molested his foster sister, NL's credibility in accurately describing what he heard from appellant regarding the charged offense would be strengthened.

Relevance, however, is not the end of the inquiry in determining whether evidence may be admissible at trial. Military Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially

outweighed by the danger of unfair prejudice . . . ." In determining unfair prejudice, we look to the risk that the evidence in question, despite its probative value, might be used improperly, or whether "some concededly relevant evidence [might] lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Collier*, 67 M.J. 347, 354 (C.A.A.F. 2009) (quoting *Old Chief v. United States*, 519 U.S. 172, 180, (1997)) (internal quotation marks and emphasis omitted).

At trial, after the military judge ruled the testimony was admissible for a limited purpose, appellant did not specifically raise a Mil. R. Evid. 403 objection. Arguably, the defense maintained its original Mil. R. Evid. 404(b) objection by disagreeing with the government's assertion that the defense attacked NL's lack of perception during cross-examination. If so, then defense counsel also arguably maintained the accompanying Mil. R. Evid. 403 objection under *Reynolds*.[5] However, we need not decide whether appellant waived or forfeited a Mil. R. Evid. 403 objection because we are able to conduct a de novo review of the challenged evidence under Mil. R. Evid. 403. *See* UCMJ art. 66(c).

In our de novo review, we note the military judge stated in her written ruling and on the record that she was only considering the challenged testimony for the limited purpose of supporting NL's credibility. Given that this was a military judge alone trial, we are reminded that the "military judge is presumed to know the law and apply it correctly." *United States v. Robbins*, 52 M.J. 455, 458 (C.A.A.F. 2000). Absent evidence to the contrary, we are confident the military judge as factfinder only considered this evidence for the lawful limited purpose of supporting NL's credibility, and not unlawfully as evidence under Mil. R. Evid. 404(b). Accordingly, we find the probative value of this evidence was not substantially outweighed by a danger of unfair prejudice. *See* Mil. R. Evid. 403.

However, even assuming error, we find the admission of this evidence did not materially prejudice appellant's substantial rights. First, the government case was strong. We note that JW provided compelling testimony regarding the sexual abuse, corroborated by SGT JW's unequivocal testimony regarding appellant's access to JW. Second, the defense case was weak, consisting mainly of cross-examination of the government's witnesses. Faced with such credible testimony from JW and SGT JW, and appellant's own statements to NL confessing to the crime, the defense had a strategic decision to make at trial: should they attack NL's credibility and in turn "open the door" to appellant's other statements that he molested his foster sister?

---

[5] We pause to emphasize the importance for counsel at trial to clearly state all grounds for an objection. Counsel should not rely on a trial or appellate judge to connect the dots of their objections under the Military Rules of Evidence.

The defense controlled the opening of this door and made the tactical decision to open it by attacking NL's perception of reality.

Lastly, the military judge emphasized several times, in her written ruling and on the record, that she would not consider evidence that appellant molested his foster sister for anything other than to support NL's credibility. Accordingly, we are satisfied beyond a reasonable doubt that any potential error in admitting this evidence did not materially prejudice appellant's substantial rights.[6]

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge BURTON and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[6] *See, e.g., Baumann,* 54 M.J. at 105 (holding no prejudice in admitting appellant's other uncharged sexual abuse of a child when the government presented an overwhelming case, the defense case was weak, and the military judge gave extensive instructions on the proper use of the evidence to show the credibility of a witness after the defense suggested the witnesses had a motive to fabricate.).